HARRIET WENTWORTH, in equity,

*vs.*

OSCAR SHIBLES, and another.

Waldo.     Opinion April 28, 1896.

*Trusts. Deed. Gifts Causa Mortis.   R. S., c. 73, § 11.*

It is provided by statute that "there can be no trust concerning lands, except trusts arising by implication of law, unless created or declared by some writing signed by the party or his attorney."   R. S., c. 73, § 11.

Oral evidence is undoubtedly admissible to establish a fact from which a trust may arise by implication of law, such as the payment of the consideration by

one for land conveyed to another; but in the absence of any allegations of fraud or of facts which would constitute an equitable estoppel, such evidence cannot be received to prove any declarations of a trust, without violating the explicit provisions of the statute.

Declarations of the grantee that he holds the property in trust are not sufficient to show a trust estate.

Neither can a gift of real estate .be sustained as a donatio causa mortis, for that only extends to the personalty.

An absolute conveyance of real estate cannot be thus safely employed to accomplish the purpose of a last will and testament. Such a doctrine would be destructive of all certainty and security respecting titles to landed property.

In this case the deed of warranty from the plaintiff to her daughter was absolute on its face, containing no allusion to any trust or defeasance.

It was not alleged or suggested that any trust was subsequently created or declared by any writing signed by the party. It was not claimed that any trust resulted from the transaction by implication of law. *Held;* that the testimony reported tends to prove an oral agreement to reconvey the property, if the grantor recovered, that is void under the statutes of this State.

ON REPORT.

The case appears in the opinion.

*R. F. Dunton*, for plaintiff.

*W. H. McLellan*, for defendants.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. This is a bill in equity asking the court to declare that the defendants hold certain real estate in trust for the plaintiff, and to decree that it be conveyed to her. The cause is reported for the determination of the law court.

The property in question, comprising a dwelling-house and lot, was conveyed to the plaintiff and her daughter, Hortense Shibles, January 21, 1891, in consideration of sixteen hundred dollars, of which the plaintiff paid $1050 and the daughter $550. Subsequently, May 19, 1893, the plaintiff gave to this daughter a deed of warranty of the entire property. At the decease of the daughter and her minor son the following year, these defendants succeeded by heirship to her rights in the property.

Respecting this conveyance to her daughter, the allegation in the plaintiff's bill is as follows: "On the nineteenth day of May, A. D. 1893, the plaintiff being very sick and expecting to live but a very short time, conveyed her interest in said real estate to her daughter, the said Hortense Shibles, without any consideration therefor, with the understanding between her and the said Hortense Shibles that said deed was made in order that said Hortense Shibles might have the whole of said real estate at the decease of the plaintiff; and that if the plaintiff recovered and wanted her interest in said real estate back she, the said Hortense Shibles, would reconvey it to her."

With respect to the original purchase of the property by the plaintiff and her daughter, in 1891, there is no allegation in the bill of a resulting trust in favor of the plaintiff arising from the payment by her of more than one-half of the purchase money; but it is claimed in argument that her "equitable ownership" would be in proportion to the amount paid by her. The plaintiff also prays in the bill "that it may be decreed by this court that the defendants now hold twenty-one undivided thirty-seconds of said real estate in trust for her," and "that defendants may be ordered to convey to plaintiff her said interest in said real estate."

It is a familiar principle in equity that the beneficial estate attaches to the party from whom the consideration comes. Hence when property is purchased and the conveyance of the legal title is taken in the name of one person, and the purchase money is paid by another, generally a resulting trust will be presumed in favor of the party who pays the price; and the holder of the legal title becomes a trustee for him. But this presumption exists "only when the transaction is between strangers where there is neither legal nor moral obligation for the purchaser to pay the consideration for another. The rule is reversed in its application between husband and wife, and also between father and child. As between such parties, the presumption is, that the payment, by husband or father, for property conveyed to wife or child, is an advancement or gift." *Lane* v. *Lane*, 80 Maine, 578; *Stevens* v. *Stevens*, 70 Maine, 92. And the same rule applies to a mother who purchases

property in the name of her child, or in the joint names of herself and child, and pays the price with her own separate funds; there is no presumption of resulting trust.   2 Pom. Eq. § 1039.

But it is immaterial in this case whether the plaintiff, as a result of the original purchase in 1891, became the legal or equitable owner of twenty-one thirty-seconds, or only one-half of the property; for it is not in controversy that she conveyed to her daughter her entire interest in it by her absolute deed of warranty of May 19, 1893; and it is the opinion of the court that the report discloses no evidence which would warrant the conclusion that these defendants now hold any part of it in trust for the plaintiff.

It is provided in section eleven of chapter seventy-three of the Revised Statutes that "there can be no trust concerning lands, except trusts arising by implication of law, unless created or declared by some writing signed by the party or his attorney."

It is conceded that the deed of warranty from the plaintiff to her daughter, in 1893, was in the common form, absolute on its face, and containing no allusion whatever to any trust or defeasance. It is not alleged or suggested that any trust was subsequently created or declared by any writing signed either by Hortense Shibles or these defendants.   It is not claimed that any trust resulted from the transaction by implication of law.   But it is alleged that there was an "understanding" that if the plaintiff recovered and wanted her interest back, the daughter would reconvey it to her; and it appears from the report that testimony was received tending to prove such an oral agreement between the plaintiff and her daughter.

This is clearly an attempt to establish a "trust concerning real estate" in contravention of the express terms of the statute.   The testimony was not admissible for such a purpose.

Oral evidence is undoubtedly admissible to establish a fact from which a trust may arise by implication of law, such as the payment of the consideration by one for land conveyed to another; but in the absence of any allegations of fraud or of facts which would constitute an equitable estoppel, such evidence cannot be received to prove any declarations of a trust, without violating the explicit

provisions of the statute.   *Gerry* v. *Stimson,* 60 Maine, 186;
*Moore* v. *Moore,* 38 N. H. 382.   Declarations of the grantee that
he holds the property in trust are not sufficient to show a trust
estate.   *Graves* v. *Graves,* 29 N. H. 142; *Farrington* v. *Barr,* 36
N. H. 86.   As said by the court in *Flint* v. *Sheldon,* 13 Mass.
448: "The evidence would only tend to prove that the conveyance
was made in trust, that the grantee should reconvey the land to the
grantor on the performance of a certain condition on his part.
But such trusts by the express provisions of our statute, must be
manifested and proved by some writing signed by the party. . . . .
If testimony of this kind were admissible, there would be no
security in any conveyance that could be made.   Though the con-
veyance were perfectly fair and legal, and accompanied with all
the usual solemnities, still the grantor might always defeat it by
procuring evidence of a condition or trust not apparent upon the
deed."   See also *Taylor* v. *Sayles,* 57 N. H. 465.

But the learned counsel for the plaintiff also suggests that as the
conveyance to the daughter was made during the serious illness of
the plaintiff, and in expectation of her death, it should be treated
as a donatio causa mortis, and in view of the plaintiff's recovery be
now declared null and void.   It is apparent, however, that he has
but little confidence in this suggestion, as the principal part of his
argument is in support of the proposition that there was "a valid
oral contract to reconvey," and he cites *Meach* v. *Meach,* 24 Vt.
591, in which Redfield C. J. says:   "A gift of real estate cannot
be sustained as a donatio causa mortis, for that only extends to the
personalty."

For reasons too obvious to require further explanation, an abso-
lute conveyance of real estate cannot be thus safely employed to
accomplish the purpose of a last will and testament.   Such a doc-
trine would be destructive of all certainty and security respecting
titles to landed property.

*Bill dismissed.*