SMITH *v.* YOUNGBLOOD.

Opinion delivered June 9, 1900.

GIFT INTER VIVOS—DELIVERY TO TRUSTEE.—Where money is delivered to a trustee to hold during the life of the donor, and to invest and pay over the interest to the donor for the support and maintenance of herself and the donees during her life, and on her death to pay the same to the donees, the delivery is sufficient to complete the gift. (Page 256.)

Appeal from Pope Circuit Court in Chancery.

JEREMIAH G. WALLACE, Judge.

*Dan B. Granger* and *J. F. Bullock*, for appellants.

There was never any sufficient delivery. 59 Ark. 195; 43 Ark. 319; 2 Kent's Com. *430; 1 Benj. Sales, 5; 17 Am. St. 524; 107 U. S. 602; 1 Am. & Eng. Dec. in Eq. 564–7. "A gift to take effect in the future is void. 8 Am. & Eng. Enc. Law, 1315; 45 Oh. St. 108; 80 N. Y. 422.

*R. B. Wilson*, for appellees.

Delivery to a bailee for the benefit of the donee constitutes a perfect gift. 36 Ind. 78; 63 Me. 364; 4 Conn. 512; 11 R. I. 266; 43 Ark. 319; 10 Johns. 293; 128 Mass. 159; 2 N. Y. Ch. 333.

WOOD, J. The court below found "that on or about the 1st day of May, 1882, Amanda Youngblood * * gave to

defendant, F. F. Youngblood, the fund sued for, to-wit, $1,600, for the plaintiffs, to be held by him for them for and during the term of her natural life, and to be paid over to plaintiffs in equal proportions at her death, she reserving the interest for her life for the support and maintenance of herself and plaintiffs; the said F. F. Youngblood to loan and invest the same to best advantage, and pay the interest over to her annually." After a careful consideration of the evidence set forth in the transcript, we have reached the conclusion that the chancellor's findings on the facts are correct. Certainly, it cannot be said that they are clearly against the preponderance of the evidence. This being true, the following principle of law is applicable: "The delivery of property to a third person as trustee for the donee, and not as the agent of the donor, where the latter relinquishes all dominion of the property to the trustee for the purposes of the trust, is a sufficient delivery to complete the gift, which in such case is not revoked by the subsequent death of the donor before the property has been actually delivered to the donee. And the validity of the gift is not affected by the fact that the trustee is not to deliver the property to the donee until after the donor's death." 14 Am. & Eng. Enc. Law (2d Ed.), 1026, and authorities cited in note,—especially *Green* v. *Tulane*, 52 N. J. Eq. 169. The doctrine announced in *Nolen* v. *Harden*, 43 Ark. 307, applies here. The transaction here shown by the proof constitutes a gift *inter vivos*. See 1 Crawf. Dig., title, "Gift," p. 887, for cases showing prerequisites for such gifts.

Affirm.