DAVID P. CANDEE *vs.* THE CONNECTICUT SAVINGS BANK ET AL.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An intention to transfer a present title, accompanied with a delivery of possession, is all that is required to constitute a valid gift.

A savings-bank depositor whose bank-book had been mislaid or lost, signed and delivered to the plaintiff a written order prepared by the bank directing it to pay to the plaintiff the entire amount of her deposit, which the bank upon presentation by the plaintiff accepted without objection. The depositor intended to make a present gift to the plaintiff subject to her own use of the same during her lifetime. *Held* that the transaction constituted a valid gift of the principal of the fund, the "use" retained by the donor being merely the right to the interest accruing on the deposit prior to her decease.

It is not essential to constitute a gift that there should be a manual delivery of the subject-matter, nor that the transfer should be made in any particular mode or form. It is sufficient if the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts or declarations clearly showing an intention to give and divest himself of all dominion over the property.

A by-law of a savings-bank regulating the manner in which a transfer of a deposit must be made, is designed for the protection of the bank and its depositors; and the mere fact that a depositor in

Candee *v.* Connecticut Savings Bank.

making a gift of his deposit failed to comply therewith, cannot
be utilized by his executor to defeat the title of the donee.
A gift in consideration of natural affection ought to prevail unless it
interferes with the rights of creditors or purchasers.

Argued October 28th—decided December 18th, 1908.

ACTION in the nature of interpleader to determine the
rights of the respective parties to a savings-bank deposit,
brought to and tried by the Court of Common Pleas in New
Haven County, *Wolfe, J.;* facts found and judgment ren-
dered for the plaintiff, from which the defendant Thompson,
executor, appealed. *No error.*

*Howard C. Webb,* for the appellant (defendant Thomp-
son, executor).

*George E. Beers* and *George M. Wallace,* for the appellee
(plaintiff).

RORABACK, J.   On May 29th, 1905, one Jane A. Isbell
had on deposit in the Connecticut Savings Bank the sum of
$363.14 which she was desirous of giving to her brother, the
plaintiff.   When Mrs. Isbell died, in November, 1906, said
fund was still on deposit in said bank, which refused pay-
ment because of conflicting claims made by the plaintiff
and one Clarence E. Thompson, executor of the last will
and testament of Mrs. Isbell.   The Court of Common Pleas
having rendered judgment for the plaintiff, the defendant
Thompson, in his appeal to this court, by several assign-
ments of error, raises the following question: Was there a
valid gift of the money in the Connecticut Savings Bank
from the deceased, Jane A. Isbell, to the plaintiff, Candee,
so that the money belonged to him?

In order that a deposit of money in a savings-bank to the
credit of another person shall operate as a gift *inter vivos,* it
should appear not only that the depositor intended a gift,
but also that he executed his intention and completed the

gift by an act or acts sufficient to pass title. *Main's Appeal,* 73 Conn. 638, 48 Atl. 965.

It appears that Mrs. Isbell was an old lady, a childless widow, and that she had the pecuniary ability to make the gift. She entertained an affectionate feeling for her brother, who was in needy circumstances. Her conduct leading up to and in giving an order transferring the deposit in the Connecticut Savings Bank, indicated a fixed purpose upon her part that the money in the bank should at once become the property of the plaintiff. It nowhere appears that she ever entertained any other desire, or changed her intention upon this subject.

Having lost her bank-book she followed the instructions of the bank and signed and delivered an order which one of its officers had drawn, which she gave to the plaintiff, stating that she gave him the fund "subject to her use of the same during her lifetime." This order, with the accompanying circumstances, is not only satisfactory evidence of an executed intention to give, but in the absence of the book was all that the donor could do to perfect the gift.

Upon the facts found, independently of the expression "use of the same for her lifetime," an intention to make an absolute gift is clearly shown. This expression does not make the gift conditional or uncertain, but simply postpones the day of enjoyment. She intended that the fund should at once become the property of the plaintiff, and there was no attempt to make the gift effectual after death.

The elementary definition of the "use" of money is the benefit or profit to be derived therefrom. Taking this whole expression together with the circumstances under which it was used, the only intelligent construction to be given to it is that the words "use of the same for her lifetime" simply included the income or profit of the money in the bank.

A reservation by the donor of certain proprietary rights in the subject of the gift, such as the use and enjoyment

thereof, is not necessarily inconsistent with the absolute character of the gift, and gifts accompanied by such reservations have been repeatedly upheld. *Bone* v. *Holmes,* 195 Mass. 495, 81 N. E. 290; *Smith* v. *Ossipee Valley Savings Bank,* 64 N. H. 228, 230, 9 Atl. 792; *Green* v. *Tulane,* 52 N. J. Eq. 169, 28 Atl. 9; *Hope* v. *Hutchins,* 9 G. & J. (Md.) 77; *O'Neil* v. *Greenwood,* 106 Mich. 572, 64 N. W. 511; *Smith* v. *Youngblood,* 68 Ark. 255, 58 S. W. 42.

It is claimed that there was not a complete delivery of the money deposited in the bank. It is not necessary that there should be a manual delivery of the thing given; nor is there any particular form or mode in which the transfer must be made. The gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts and declarations clearly showing an intention to give and to divest himself of all dominion over the property. *Main's Appeal,* 73 Conn. 638, 48 Atl. 965; *Reed* v. *Copeland,* 50 Conn. 472; *Scott* v. *Berkshire County Savings Bank,* 140 Mass. 157, 2 N. E. 925; *Howard* v. *Windham County Savings Bank,* 40 Vt. 597; *Milholland* v. *Whalen,* 89 Md. 212, 43 Atl. 43; *Sayre* v. *Weil,* 94 Ala. 466, 10 So. 546; *Goelz* v. *People's Savings Bank,* 31 Ind. App. 67, 67 N. E. 232.

The plaintiff's claim is based on an order in these words:—

"New Haven, Conn., May 29, 1905.
"Connecticut Savings Bank of New Haven,

"Pay David Candee the entire amount on my deposit book number 70,653.

"Jane A. Isbell."

With full knowledge of the loss of the bank-book and of Mrs. Isbell's intention to give the money to the plaintiff, and for the purpose of assisting her in carrying out this intention, one of the officials of the savings-bank filled out this order and delivered it to the plaintiff, informing him that it would be necessary for him to obtain the signature

of Mrs. Isbell, to make the transfer effectual. This was obtained, and the plaintiff returned to the bank with the order signed and presented the same. Then the bank, by one of its officers, made a memorandum upon the page of the ledger containing Mrs. Isbell's account, reading as follows: "May 29th, 1905, David P. Candee holds order for the entire amount." In May, 1906, the plaintiff, by an order signed by him, without the bank-book, drew the interest which had accrued on this fund.

The order of May 29th, 1905, signed by Mrs. Isbell, was intended by her to operate as a donation and transfer of the money therein specified. The bank, with full knowledge of her intention, recognized and accepted it for the purpose for which it was made. Mrs. Isbell did all in her power to deliver to the plaintiff the means of reducing to his possession the money on deposit in the bank. She could not, at any time after making the gift, have maintained an action for the recovery of this money from the bank. There is nothing to show that the defendant executor had any better claim to the fund than the decedent whom he represents. He is bound by this transfer as if a purchase had been made for a valuable consideration.

It is claimed that the alleged transfer was incomplete, in that said order was not witnessed and was unaccompanied by the bank-book, as required by the laws of said bank. An examination of the by-laws of the bank fails to disclose any requirement that orders for the payment of money shall be witnessed.

The blank form of the order used by the bank for the purpose of making transfers of deposits contained a requirement that it "must be dated, signed, witnessed, and accompany the book."

Mrs. Isbell, intending to make a transfer of her deposit by means of such an order, signed it, and the bank, relying upon her signature, accepted and acted upon it without a witness. If the bank was not satisfied with its execution

it should have been returned, with notice of its defective character.

This regulation for withdrawing deposits was for the protection of the bank and its depositors. Mrs. Isbell would not have been permitted to have taken advantage of this informality, and her legal representative is now precluded from asserting or proving that the transfer was invalid because the order was imperfectly executed. The bank having prepared the order and accepted it after it was signed, waived the requirement as to its being witnessed.

A by-law of the Connecticut Savings Bank, which was a part of the contract with their depositors, provided that "when the deposits are withdrawn, the pass book shall be presented; and no payment shall be made, except to depositors, or upon their written order, accompanied in all cases by the pass book." Mrs. Isbell, wishing to transfer her money on deposit, could not present her bank-book as the regulation of the bank required (and as she had agreed to do), but did as the bank directed, by signing the order which the bank had prepared to make the transfer effectual. The bank, before payment to the plaintiff, might have required additional evidence as to the loss of the book, and a bond with satisfactory sureties to keep the institution harmless from all consequences of such payment. The bank has not claimed any protection because of the existence of this by-law, and Mrs. Isbell's executor should not be allowed to question it. This by-law was intended for the protection of the bank and depositors against fraud and forgery, and cannot affect this inquiry as to who now owns this fund. Section 631 of the General Statutes authorizes the assignee and equitable and bona fide owner of any chose in action, not negotiable, to sue thereon in his own name.

There may be a valid gift of the money on deposit in a savings-bank in the donor's name, although the donor retains possession of the book. *Buckingham's Appeal*, 60

Conn. 143, 22 Atl. 509; *Kerrigan* v. *Rautigan,* 43 Conn. 17; *Minor* v. *Rogers,* 40 id. 512; *Martin* v. *Funk,* 75 N. Y. 134; *Taylor* v. *Henry,* 48 Md. 550; *Stone* v. *Bishop,* 4 Clif. (U. S. C. C.) 593.

This order was given upon a sufficient consideration to support an assignment or transfer of property. A good consideration is that of blood or natural affection, and a gift made for such a consideration ought to prevail unless it be found to interfere with the rights of creditors and purchasers.

The order was intended by the donor to operate as a donation and transfer of the money deposited in the bank which was there subject to the disposition of the donor. The bank and the plaintiff both accepted the order for the purposes for which it was given, and upon one occasion have recognized its validity. The order was a sufficient instrument to transfer title to the donee of the money, and being accompanied by a delivery and acceptance constituted a valid transfer of the funds as a gift to the plaintiff.

There is no error.

In this opinion the other judges concurred.