CAROLINE PFEIFER AND AUGUST, HER HUSBAND, v. CHRISTOPHER BADENHOP, INDIVIDUALLY AND AS ADMINISTRATOR, &c.

Submitted July 2, 1914—Decided November 16, 1914.

1. In the case of a savings bank deposit payable only upon presentation of the deposit book, a valid gift *causa mortis* cannot be made without actual delivery of the book.
2. Whether under the present practice a single cause of action may be sued against the same person in the alternative as an individual and a personal representative, *quære.*

On appeal from the District Court.

Before Justices SWAYZE, PARKER and KALISCH.

For the appellant-plaintiff, *Warren L. Jacobus.*

For the respondent-defendant, *Frederic W. Smith.*

The opinion of the court was delivered by

PARKER, J.    The question whether defendant could be charged in the same suit in both his individual and representative capacity was not raised below.    If there had been one claim against defendant, individually, and another against him as representing an estate, the joinder would have been improper, for reasons given in *Terhune* v. *Bray,* 16 *N. J. L.* 53, and *Mailley* v. *Elliott,* 80 *Id.* 70.    The same reasoning would apply to a single claim against him in both capacities, as in the case at bar, where the state of demand contains only one count.    The probable intent of the pleader, however, was to charge defendant in the alternative, *i. e.,* that if not liable in one capacity, he was liable in the other.    Whether this is within the Practice act of 1912, section 6, and rule 18 thereunder, in view of the applicability of that act under section 68 of the District Court act, is a point not raised and not decided. Inasmuch as the inclusion of defendants in the alternative

almost inevitably raises a controversy between them as to liability *inter sese,* and the same person cannot figure on one side of a legal controversy in one of these capacities, and on the other side in the other capacity (*Ransom* v. *Greer,* 30 *N. J. Eq.* 249), we do not wish to be understood as conceding the propriety of this course, especially as we reach a result adverse to the plaintiffs below on either branch of the claim.

The plaintiffs claimed the amount of a savings bank account by virtue of an alleged gift *causa mortis.* The decedent was their daughter, the wife of the defendant. He administered on her estate, and as administrator drew or holds the savings bank deposit. There was no actual tradition by decedent of the savings bank book, but while ill, and some two weeks before her death, she filled out and signed a printed form of draft furnished by the savings bank and customarily presented with the book when money is drawn. This draft, as so filled out and signed, directs the bank to pay to "my father and mother (or bearer) all my money (Dollars on Pass Book No.) 173959." The bracketed words are in print. At the head of the printed form are the words "No payment made without the Deposit Book." The other pertinent facts appear by the following extract from the state of the case on appeal, settled by the trial judge:

"Before signing the paper Anna Badenhop asked her husband, Christopher Badenhop, the defendant, for her bank book, and her husband replied that her bank book was in his brother Will's safe. The safe, belonging to his brother Will, was in a house other than the one where the said Anna Badenhop was lying. The intestate then executed the said paper and told the witness Lena Link, at the same time, that it was her desire if she should die that her money should go to her father and mother, the plaintiffs in this action. The said paper, signed by the intestate and given to Lena Link, was not delivered by Lena Link to the plaintiffs in this cause until after the death of Anna Badenhop. The account in the Howard Savings Institution belonging to Anna Badenhop was in her maiden name, Anna Pfeifer, and amounted to over five hundred dollars."

The District Court found that there was donative intent, but no delivery, and judgment was entered for the defendant.

This judgment was right. It is conceded that an unaccepted draft, or uncertified check on a bank, will not be a good delivery of a gift *causa mortis.* Plaintiffs seek, however, to distinguish a savings bank account as being a trust fund and not a debt, which may be conceded. But where the intended subject of gift is not susceptible of manual delivery, as for example, a chose in action, the very least that will answer as a substitute is to deliver the means of enforcement of the chose in action to the intended donee. So, the delivery of a bond, or bond and mortgage, would transfer the debt (20 *Cyc.* 1238); and the delivery of a savings bank book whose possession by the rules or custom of such banks controls the deposit, will pass the right to the deposit. *Id.* 1239; *Skillman* v. *Weigand,* 54 *N. J. Eq.* 198; *Dennin* v. *Hilton,* 50 *Atl. Rep.* 600; *Van Wagenen* v *Bonnot,* 72 *N. J. Eq.* 143; 74 *Id.* 843, 844. But there was, of course, no delivery of the deposit book in the present case; and we fail to find one decision, nor does counsel point us to any, where such a deposit passed by execution and delivery of a written paper which without the book would not obligate the bank to pay the money. Cases in which the bank book has been lost rest on another principle and are not in point. Such a case was *Candee* v. *Bank,* 71 *Atl. Rep.* 551, where also the gift was *inter vivos,* which is not claimed in this case.

In *Dunn* v. *Houghton,* 51 *Atl. Rep.* 71, the Court of Chancery held there was no gift *causa mortis.* In *Kingman* v. *Perkins,* 105 *Mass.* 111, the claimant (an assignee) held the book as well as a draft. In *Larrabee* v. *Hascall,* 88 *Me.* 511, 34 *Atl. Rep.* 408, a gift *causa mortis* of $200, part of a savings account, by draft, was upheld where the book showing more money than that amount on deposit was delivered with the draft. The test of a valid delivery in such a case seems to be the transfer of the legal power to control the fund. It is common knowledge that payment of savings bank deposits cannot be enforced without the book, except, perhaps, in cases of loss or destruction. This appears in the case at bar on the

face of the draft itself. The trial judge, therefore, properly held that no sufficient delivery was shown, and the judgment will accordingly be affirmed.