WILLIAM PRENDERGAST *vs.* MARGARET DREW ET AL.

First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Assignments of error that the trial court erred in finding facts "without sufficient evidence to sustain the same," and in failing to find facts "reasonably sustained by the weight and sufficiency of the evidence," violate our rules as set forth in § 11, page 309 of the Practice Book.

The trial court found that the plaintiff's intestate, prior to a serious surgical operation, executed and delivered to the defendant, his daughter, a deed of three pieces of real estate upon the consideration of love and affection and with the intention of making an absolute and unconditional conveyance to her, and that she accepted the deed. *Held* that the facts thus found constituted the essentials of a valid conveyance of real estate and rendered untenable the plaintiff's claim that the transfer was an attempted testamentary disposition.

The fact that after the decedent recovered from his operation, the defendant permitted him to use and manage the property until his death, did not affect the character of the conveyance as an absolute gift.

There can be no gift *causa mortis* of real estate, since there must be a delivery of the subject of donation.

In addition to the essential of delivery, a gift *causa mortis* must be made in contemplation of the conceived approach of death and it must be given to take effect only if the donor dies.

Fear that death may result from a surgical operation is not a state of mind equivalent to the expectation or contemplation that death is believed to be imminent.

Argued May 7th—decided July 30th, 1925.

SUIT to set aside a conveyance of real estate alleged to have been procured through fraud and undue in-

fluence, for other equitable relief, and for damages, brought to the Superior Court in Hartford County and tried to the court, *Hinman, J.;* judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellant (plaintiff).

*Donald Gaffney,* for the appellees (defendants).

WHEELER, C. J.   This action seeks to set aside a conveyance of three pieces of real estate executed by James Prendergast and delivered to his daughter Margaret under these circumstances: While Mr. Prendergast was in sound mind and free from undue influence, he with the intention of making an absolute and unconditional conveyance and without any understanding or agreement between himself and his daughter Margaret, executed and delivered this conveyance upon the consideration of love and affection.   Mr. Prendergast made this conveyance just before he was to undergo a serious operation whose results he feared.   The operation was successful and he returned cured to his home, 1150 Stanley Street, which he had transferred by the conveyance to Margaret.   At the time of this conveyance he made other conveyances and transfers of his property to Margaret, and to his wife.   With the consent of Margaret he continued to occupy 1150 Stanley Street, making the repairs, paying the taxes and managing the property in like manner as before the conveyance. Shortly after Mr. Prendergast's return, Margaret offered to reconvey to her father, and at a subsequent date made another offer to reconvey the property so transferred to her, but he refused to accept such reconveyance.   About January 1st, 1924, Mr. Prendergast caused deeds to be prepared reconveying this prop-

erty to him, and requested Margaret to make such reconveyance. From May 19th, 1920, when this property was conveyed to her, Margaret considered and claimed that she was its absolute owner.

Mr. Prendergast died April 14th, 1924, and on April 16th, 1924, his son, John, was appointed and qualified as administrator. Subsequent to his appointment and prior to this action, the administrator refused, upon demand so to do, to bring an action to set aside the conveyance to Margaret. The trial court reached the conclusions, that James Prendergast was of sound mind at the time of this conveyance, and that it was not obtained or induced by fraud or undue influence on the part of Margaret or any other person; that the conveyances were not given under any understanding or agreement rendering them other than absolute conveyances; that the conveyances were for a good and sufficient consideration, and that the conduct of Margaret in leaving her father, the grantor in the conveyance, in possession and enjoyment of 1150 Stanley Street until his death, does not affect the status of the deeds.

Corrections of the finding are assigned among the errors, as to the mental capacity of Mr. Prendergast at the time of these conveyances, his intention in executing and delivering these, and their consideration, the fact that he did this uninduced by fraud or undue influence, and the fact that the conveyances were absolute. The assignments of error as to the corrections in the finding are "in finding without sufficient evidence to sustain the same," and, as to the corrections by additions, "in refusing to find, as reasonably sustained by the weight and sufficiency of the evidence the facts," etc. These assignments are plainly bad. Practice Book, p. 309, § 11; *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 129 Atl. 527.

The record ought not to be encumbered with assignments of error patently at variance with the rules and a multitude of our decisions. And litigants ought not, through disregard of these, to be compelled to pay for the printing of the evidence which the rules and decisions show cannot be used by this court in correcting the finding.

The assignment of error that this is an attempted testamentary disposition is negatived by the finding, especially by that as to the grantor's intention. "The delivery of the deed to, and its acceptance by, the grantee, are essentials of every valid conveyance of real estate." *Wiley* v. *London & Lancashire Fire Ins. Co.*, 89 Conn. 35, 39, 92 Atl. 678; *City National Bank* v. *Morrissey*, 97 Conn. 480, 483, 117 Atl. 493. And the finding of these is a finding of fact. The assignment that the conduct of Margaret, in leaving the grantor of this conveyance to her in the use and enjoyment of the property until his death, does not affect the status of this conveyance. "A reservation by the donor of certain proprietary rights in the subject of the gift, such as the use and enjoyment thereof, is not necessarily inconsistent with the absolute character of the gift. . . . The gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts and declarations clearly showing an intention to give and divest himself of all dominion over the property." *Candee* v. *Connecticut Savings Bank*, 81 Conn. 372, 374, 375, 71 Atl. 551.

The other assignments of error, with one exception, in view of the finding made, are clearly erroneous. That exception is the sixth assignment, that the court erred in failing to hold that the conveyance to Margaret was a gift *causa mortis*. There can be no gift *causa mortis* of real estate. "A gift of real estate can-

not be sustained, as a *donatio mortis causa,* for that only extends to the personalty." *Meach* v. *Meach,* 24 Vt. 590, 595; *Wentworth* v. *Shibles,* 89 Me. 167, 171, 36 Atl. 108; 28 Corpus Juris, p. 696, § 115. But if the *donatio mortis causa* was applicable to real estate, the finding does not make this rule available to the plaintiff. "Three requisites," we say, "are necessary to constitute a gift of this sort. 1. It must be made by the donor, in contemplation of the conceived approach of death. 2. It must be given to take effect only in case the donor dies. 3. And there must be a delivery of the subject of the donation." *Raymond* v. *Sellick,* 10 Conn. 480, 484. The deed in question was not made in contemplation of the conceived approach of death. The recital of facts tells us that it was made fearing death, that is, as a precaution against misadventure. The fear that death may result from an operation is an entirely different condition of mind from that of the expectation or contemplation that death is believed to be imminent. As the facts found show, the conveyance was not given to take effect only in the event that the donor died. The absolute delivery and acceptance are found as facts.

There is no error.

In this opinion the other judges concurred.