## RICHARD T. MOKRZYNSKI, ADMR.

### vs.

## SUSANNA JALOWIZCKI, INDIV. AND TRUSTEE

Superior Court      New Haven County      File #47140

Present:   Hon. JOHN A. CORNELL, Judge.

M. B. Straka,
R. J. Mokrzynski,                    Attorneys for the Plaintiff.

Wm. F. Wynne,                        Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 30, 1935.**

CORNELL, J.   The amended cross complaint sets up that several years before her death, one Katarzyna Olszewska "gave to the defendant Susanna Jalowiecki in trust, the sum of $680.00 and orally directed that the (said) defendant . . . . should hold said trust fund . . . . until her death and then distribute said trust fund . . . . in the following manner: (Then follows a statement of how such fund was to be distributed, which includes a direction to pay Katarzyna Olszewska's funeral expenses; a sum of money to a priest for

masses; a sum of money to a grandchild and another sum to the son of the said Katarzyna Olszewska.)

It may be inferred that Katarzyna Olszewska has deceased, since it is alleged that Susanna Jalowiecki has paid from the monies so given her the total sum of $140.00 for funeral expenses and masses and still holds a balance of $540.00.

The demurrer attacks the cross complaint on one ground only, viz., that it appears that the oral directions given the trustee were testamentary in character and as such invalid because they were oral and hence could not comply with the provisions of statute concerning the execution of wills in this state. **General Statutes, Rev. 1930, #4876.**

A disposition of property is testamentary in character only when it takes effect at the death of the person making it and no interest can vest in the beneficiary until that time. **Cramer vs. Hartford-Connecticut Trust Co., 110 Conn. 22, 28.**

The pertinent allegation in the amended cross complaint is that "one Katarzyna Olszewska **gave** the defendant Jalowiecki in trust the sum of $680. . . . . etc". Under this the plaintiff may be permitted to prove then an actual delivery of the sum in question was made by the donor to the donee accompanied by declarations on the donor's part "clearly showing an intention to give and divest herself of all dominion over the property". **Prendergast vs. Drew, 103 Conn. 88, 91.**

If she succeeds in so doing, the situation depicted will be one where as of the time when delivery of the money was made, the donor became bereft of the title to it and placed it in another, the donee. The ensuing effect of such acts would be to divest the donor of any power to thereafter make any disposition concerning it, testamentary or otherwise, since she then would no longer possess any estate in it. **Sigal vs. The Hartford National Bank & Trust Co., 119 Conn. 570, 575.**

As to the beneficiaries of the trust, a present vested right would arise in them, to the benefits of its provisions, the enjoyment only of which would be postponed until the donor's death. This is the antithesis of a testamentary disposition under which the vesting of the estate—not merely its enjoyment—takes place upon the death of the testator. **Cramer vs. Hartford-Connecticut Trust Co., 110 Conn. 22, 28, et seq.**

The mere fact that the directions contained in the trust

conforms in substance to those which usually appear in wills is not decisive.

The controlling consideration is whether or not the donor parted with title to the property and vested it presently in another, or whether the result of her attempted disposition of it contemplated her retention of title to it and the vesting of such title, pursuant to her instruction, only after her decease.

It is plain that under the allegations of the cross complaint, defendant is in a position to establish that it was the former rather than the latter of these situations which came to pass when she "gave" the money to defendant.

The demurrer is, accordingly overruled.