GEORGE DANA *vs.* ANNA T. DANA & others.

Worcester.    September 29, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Equity — Resulting Trust — Presumption.*

The grantee of land bargained therefor and determined the form of conveyance, but payment was to be and was in fact made in brick manufactured by and belonging to his father, who took possession and received the rents and profits during his lifetime. The evident purpose of the purchase was to use the land in connection with the father's adjoining farm and brick-yard, and it was so used by him, and, after his death intestate, by the grantee and his brother as copartners. *Held*, that after the grantee's death his brother might maintain a bill in equity to establish a resulting trust in favor of the father in the granted premises, and to compel the conveyance to him of his share of the land.

BILL IN EQUITY, filed in the Superior Court, by George Dana, as an heir of Ebenezer Dana, against the only daughter of the other heir, his brother E. Beaman Dana, deceased intestate, and her guardian, and the administrator of his brother's estate, to establish a resulting trust in favor of Ebenezer Dana in land conveyed to E. Beaman Dana. The Superior Court entered a decree establishing the trust; and the defendants appealed to this court. The material facts appear in the opinion.

*C. A. Merrill*, for the defendants.

*H. L. Parker*, for the plaintiff.

HOLMES, J. This is a bill to establish a resulting trust in land conveyed to the first named defendant's ancestor, E. Beaman Dana, and to compel a conveyance. The Superior Court made a decree for the plaintiff; and the defendants appealed. The facts, as found by the master and shown by the evidence reported by him, are that the purchase was made by E. Beaman Dana, to be paid for, and paid for in fact, in brick manufactured by and belonging to E. Beaman Dana's father, Ebenezer Dana. The evident purpose of the purchase was to use the place in connection with the adjoining farm and brick-yard owned by Ebenezer Dana. It was used in that manner by Ebenezer Dana during his lifetime, and after his death by his two sons, E. Beaman Dana and the plaintiff. The question presented is simply a question of fact, whether enough appears to rebut the presumption of a resulting trust in favor of the party who furnished the purchase money. The fact relied on is that the party who paid was the father of the grantee; but this is met by the facts that, so far as appears, the grantee, not his father, determined the form of the conveyance, as the grantee made the bargain, and that the father subsequently during his lifetime kept possession, and took the rents and profits. We cannot say that the finding of the Superior Court was wrong.     *Decree affirmed.*