CHARLES F. COGSWELL *vs.* NEWBERT J. HALL, executor.

Norfolk.    January 12, 1904. — April 7, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Amendment. *Limitations, Statute of. Evidence,* Declarations of deceased persons.

On a motion to amend the declaration in an action against an executor, the fact that a new action for the cause stated in the amendment would be barred by the special statute of limitations, so far from being a ground for denying the motion, is a reason for allowing the amendment.

It is within the discretion of a presiding judge to determine the stage of the trial at which an amendment shall be allowed.

On a motion to amend a declaration the decision of the presiding judge is final upon the question of fact whether the plaintiff intended to include the substance of the amendment in his demand.

In an action by a son against the executor under the will of his mother, upon an oral promise alleged to have been made to the plaintiff by his mother to pay to the plaintiff on certain terms the proceeds of certain real estate left by the father of the plaintiff, who died intestate, the defendant, to show that his testatrix had furnished half of the money for the purchase of the real estate in the name of her husband, thus creating a resulting trust, may introduce under R. L. c. 175, § 67, as declarations and conduct of the testatrix, evidence of a conversation between the testatrix and her husband in the presence of the witness, about the amount of the purchase price of the property, and the amounts of money which the husband and wife put into it. If it appears that in settling her husband's estate the testatrix never claimed a resulting trust, this affects merely the weight of the evidence as to her declarations but not its admissibility.

CONTRACT against the executor under the will of Hannah Etta Cogswell, mother of the plaintiff, on an alleged oral agreement made with the plaintiff by the defendant's testatrix. Writ dated June 30, 1902.

At the trial in the Superior Court before *De Courcy,* J., the jury returned a verdict for the plaintiff in the sum of $9,816.41. The defendant alleged exceptions raising the questions stated by the court.

*M. Coggan & G. L. Dillaway,* for the defendant, submitted a brief.

*F. E. H. Gary & J. B. Sullivan, Jr.,* for the plaintiff.

BRALEY, J.  On the death of his father the plaintiff who appears to have been his only heir at law entered into an agreement with his mother of whose will the defendant is executor, by which

she received the sum of $6,000, being the price of certain real estate left by her husband who died intestate, and which was subject to her right of dower. The details of the transaction are not fully disclosed, but from the testimony of the plaintiff it may be inferred, that of this sum she was to have the income of $2,000 during her life, in place of her life interest in the land, and at her death the principal was to be paid to him. The remainder of the money she retained as a loan from him, on which she was to pay interest, but neither the time when the debt became payable, nor the rate to be charged, appears in the bill of exceptions, and the only witness to the alleged contract was the plaintiff. As the original declaration did not contain a count declaring specifically for the money that represented the value of her estate in dower, held by her at her death, an amendment was offered, and allowed, in which this part of the plaintiff's claim was set out in a separate count. The defendant apparently opposed the allowance of this amendment, upon the ground that it "introduced a new cause of action which would otherwise be barred by the statute limiting actions against executors to two years after their appointment", though there is no statement in the bill of exceptions giving the date of the appointment of the executor, or that he had given the notice required by statute. R. L. c. 139, § 1; c. 141, § 9.

Instead of this being a conclusive reason in favor of its disallowance, it might well be considered a sufficient cause for its being granted, for otherwise the plaintiff might lose a meritorious claim.

The other objection, that the conditions stated at the beginning of the trial had not arisen under which the amendment should be allowed, was wholly within the discretion of the presiding judge, as well as the further question of fact raised by the defendant, whether the plaintiff when he brought his action intended to include the substance of the new count as a part of his demand.

This objection becomes of slight importance when it appears that the first count of the declaration included all the items for the full amount, as money had and received to the plaintiff's use. But the principal held by her as a substitute for her dower was not received to his use, and under the agreement made with him

he would become entitled to its possession as his separate property only at her death. *Driscoll* v. *Holt*, 170 Mass. 262. *Adams* v. *Weeks*, 174 Mass. 45, 46. *Golding* v. *Brennan*, 183 Mass. 286, 289.

To meet this difficulty, and enable the plaintiff to maintain his action for the cause for which it was brought, the amendment was allowed properly.

The remaining exception relates to the exclusion of evidence offered by the defendant, that his testatrix originally contributed $3,000 towards the purchase of the land, and had the right to appropriate to her own use, upon receipt of the price for which it sold, so much as would repay her this amount.

The plaintiff's case rested upon his testimony of an express agreement with his mother. He took the position, that as heir at law of his father he became entitled at the time of sale to two thirds of the money received by her, and at her death to the remainder; and it was open to the defendant to prove, that when the property was originally bought Mrs. Cogswell contributed an aliquot part of the purchase price. *Skehill* v. *Abbott*, 184 Mass. 145.

If so, and the money advanced by her was not a gift to her husband, there was a resulting trust in her favor, which she could have established, if necessary, by a bill in equity against him. *Livermore* v. *Aldrich*, 5 Cush. 431, 435. *Hayward* v. *Cain*, 110 Mass. 273, 277. *Lombard* v. *Morse*, 155 Mass. 136. *Frankel* v. *Frankel*, 173 Mass. 214.

And the plaintiff who claims title to the estate, either as land, or the proceeds of its sale, takes by inheritance subject to the trust. *Day* v. *Worcester, Nashua, & Rochester Railroad*, 151 Mass. 302, 307. *Holland* v. *Cruft*, 3 Gray, 162, 180. *Dana* v. *Dana*, 154 Mass. 491. *Rines* v. *Bachelder*, 62 Maine, 95.

From the discussion appearing in the bill of exceptions, when this evidence was offered by the defendant it was excluded, for the reasons that the inquiry was collateral to the general issue of indebtedness then on trial, and, as she settled her husband's estate upon his death and never claimed a resulting trust, her conduct was legally inconsistent with the position taken by her executor.

But such a view only affects the weight to be given to the

evidence, and leaves the question of admissibility untouched ; for the jury were not obliged to believe the testimony of the plaintiff, and his evidence could not be treated as absolutely establishing the business relation between him and his mother, to which he had testified.

His case rested upon an express promise made by her to pay to him the price of the land under the terms already stated. By way of reply to this claim, and to support his defence, that at least one half of the amount that came into her possession was due to her, in repayment of money advanced at the time when the estate was bought, the defendant was clearly within the statute permitting proof, not only of declarations made by her, which would include the conversation between herself and husband in the presence of a third party, but also of her conduct as being inconsistent with such a contract, and thus tending to contradict it. R. L. c. 175, § 67. *Brooks* v. *Holden*, 175 Mass. 137, 140. *National Granite Bank* v. *Tyndale*, 179 Mass. 390, 395.

*Exceptions sustained.*