DANIEL J. TRACY, executor, *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex. November 15, 1909. — January 4, 1910.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Amendment. *Limitations, Statute of. Negligence. Street Railway.*

The fact, that a defendant may be deprived of the defense of the statute of limitations if an amendment by the plaintiff is allowed, is not a conclusive reason for disallowing such an amendment, and under the proper circumstances can be found to furnish an additional reason for allowing it.

Under R. L. c. 173, § 121, the allowance by a presiding judge of an amendment to a declaration is conclusive evidence of the identity of the cause of action set forth in the amended declaration with that for which the action was intended to be brought, and there is no provision for reviewing such a decision.

Upon the question of the propriety of the allowance by a presiding judge of an amendment to a declaration, if it appears that the defendant objected to the allowance of the amendment on the ground that the cause of action set out in the amendment was different from that for which the action originally was brought, this shows that the question of identity was raised, and that it must have been passed upon by the judge in allowing the amendment, making his decision final.

In an action against a street railway company for personal injuries, where there is evidence that while the plaintiff was being transported as a passenger in a car of the defendant there was fire and smoke and that the car jumped so as to throw passengers from their seats, and the defendant offers the explanation that the accident was caused by the blowing out of a fuse, if it appears that the trouble which caused the accident, whatever it was, was remedied quickly, the

jury are warranted in finding that the defendant by the exercise of such care as was required of it could have prevented the accident.

In an action against a street railway company for personal injuries, if there is evidence that the accident which resulted in the injuries was caused by the blowing out of a fuse on an electric car of the defendant on which the plaintiff was a passenger, and that such blowing out was attended by fire and smoke and caused the car to jump so as to throw passengers from their seats, there is evidence for the jury of negligence on the part of the defendant.

TORT, by the executor of the estate of Margaret Rooney, for personal injuries incurred by the plaintiff's intestate on August 8, 1901, while being transported as a passenger in a car of the defendant, which injuries resulted in the death of the intestate on February 5, 1903.    Writ dated May 20, 1904.

The answer was a general denial.

The case came on for trial before *Hitchcock*, J., on January 18, 1909.    At that time the defendant asked the judge to rule that the plaintiff's action could not be maintained on the ground that the case declared on was an action for death by wrongful act, and that on the face of the writ and the pleadings it appeared that the plaintiff's death occurred more than a year and a day after the alleged accident.    Thereupon the plaintiff moved to amend his declaration by substituting therefor the following:

"And the plaintiff says that the defendant is a common carrier of passengers, operating and controlling a line of street cars in the city of Boston and said Commonwealth; that on the eighth day of August, 1901, the plaintiff's testatrix was a passenger on one of the cars operated and controlled by the defendant, its agents and servants, and while so a passenger and in the exercise of due care she was injured by being thrown forward and backward against the seats of said car, which was caused by the careless and negligent management of said car or by the improper construction of said car or the unusual motion of said car in stopping suddenly without warning or notice to the plaintiff's testatrix, thereby causing her severe bodily injuries.

"The plaintiff says he was appointed executor of the will of Margaret Rooney, his testatrix, on June 19, 1903."

The allowance of the amendment was opposed by the defendant on the ground that the original declaration was for death, and that as more than six years had elapsed since the cause of

action arose, the amendment could not then be allowed lawfully, as it introduced a cause of action different from that for which the action originally was brought.  The judge allowed the amendment, and the defendant excepted.

One Mrs. Deehan, " being called as a witness in behalf of the plaintiff, testified that she was a niece of Margaret Rooney, the deceased, and that on the day of the accident to the deceased had been with her to Revere Beach; that the witness had six or seven small children with her as well.  They were just returning after a day at the beach when the accident occurred. They took an open car at Revere and rode in the same car all the way.  The accident happened in the subway in Boston. There were about ten passengers, the witness and her family being the largest part of the passengers in the front part of the car.  She sat in one seat about in the middle, with four children, and her aunt, the deceased, sat back with three. . . . I don't know what happened; the car gave two jumps, and we saw fire and smoke; the people that was in the car hollered. . . .

" Q. The car was coming along?  A. Coming along in the subway. — Q. What was the first you noticed ?  A. I saw fire and smoke. — Q. Fire and smoke ?  A. Yes. — Q. Describe the jumping you have just mentioned ?  A. Gave like two jumps; kind of stopped up quick and threw us forward. — Q. What effect did that jumping have on you ?  A. Threw some of them off their seats.  I slipped as far as the end; my knees kept me on; I had a baby in my arms. . . . — Q. Was your aunt thrown from the seat ?  A. She didn't say as she was; she didn't think she was hurt when we got out.  After we got up she couldn't walk; the conductor helped her walk.  She sat on some steps, I think, of the subway; I was not familiar with the subway.

" The car was delayed about half an hour.  She couldn't say just where.  There were men around the car, fixing it up.  They had wrenches or something in their hands, fixing it.

" On cross-examination the witness testified that the first thing that attracted her attention was the fire and the smoke, the car gave two jumps first before it started, kind of lifting the car up, so that they were thrown backward on the car.  It stopped quickly. . . . One of the little girls, five years old, was thrown

off her seat and smashed her spectacles. . . . The men who went to work around the car had something that looked like wrenches. She had never seen a fuse. She didn't notice where the men went to work; she was too taken up with the six or seven children; couldn't tell whether they went to work under the car or by the side; couldn't see them when they were working and couldn't tell where they were working. The car went along all right afterwards."

A somewhat similar account of the accident was given by a daughter of Mrs. Deehan, who was with her in the car, and who was about twelve years of age at that time. There was other evidence for the plaintiff, and the defendant also introduced evidence.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence in the case the plaintiff was not entitled to recover. The judge refused to make this ruling, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $442.50; and the defendant alleged exceptions.

*E. P. Saltonstall,* (*S. H. E. Freund* with him,) for the defendant.

*J. J. Flynn,* for the plaintiff.

MORTON, J. The defendant does not now rely upon the exceptions taken to the admission and exclusion of evidence, having expressly waived them. It contends (1) that the court had no power to allow the amendment, and (2) that the court erred in refusing to rule as requested that upon all of the evidence the plaintiff was not entitled to recover.

1. The objection that the defendant would be deprived of the defense of the statute of limitations if the amendment was allowed was not conclusive against the power of the court to allow the amendment, but on the contrary could have been found to furnish an additional reason for allowing it. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150, 151. *Cogswell* v. *Hall,* 185 Mass. 455, 456. The question whether, taking all of the circumstances into account, the plaintiff should or should not be allowed to amend was plainly for the court, and no exception lies to the exercise of its discretion. In regard to the identity of the cause of action the statute expressly provides that the

allowance of an amendment by the court shall be conclusive evidence of the identity of the cause of action in the amended declaration with that for which the action was intended to be brought.   R. L. c. 173, § 121.   *Cogswell* v. *Hall*, 185 Mass. 455, 456.   No provision is made for reviewing the action of the court in respect to the question of identity, and its decision upon that matter is final, as was formerly the case in regard to pleas in abatement.   R. L. c. 173, §§ 47, 96, 106.   St. 1906, c. 342, § 2. If it is necessary that the question of identity should appear to have been raised and passed upon, then it was plainly included in the objection made by the defendant to the allowance of the amendment on the ground that the cause of action set out in the amendment was different from that for which the action was originally brought, and in allowing the amendment the court necessarily must have passed upon the question of identity and have found that the cause of action was the same as that for which the action was intended to be brought.

2. The defendant does not contend that the plaintiff was not in the exercise of due care, but it contends that there was no evidence of negligence on its part.   The nature of the accident was such, however, that we cannot say that the jury were not warranted in finding that it was due to negligence on the part of the defendant.   There was evidence tending to show that the trouble, whatever it was, was quickly remedied, and the jury may well have thought that the defendant, in the exercise of such care as was required of it, could have prevented the accident.   The jury were not bound to accept the explanation offered by the defendant, which was that the accident was caused by the blowing out of a fuse.   Further, they may have thought, and if they did we cannot say that they were wrong, that, if the accident was caused by the blowing out of a fuse, it was negligence on the part of the defendant to use fuses that in blowing out were liable to produce results like those testified to.   A fuse in its ordinary operation is not expected to blow out with fire and smoke and to cause a car to jump so as to throw passengers from their seats, which there was evidence warranting a finding was what happened here.   See *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156.

*Exceptions overruled.*