EDSON E. ROWLEY ET UX. *v.* GEORGE W. SHEPARDSON ET UX.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 9, 1913.

*Creditors' Suit—Judgment Creditors—Election of Remedies—Inconsistent Remedies.*

The allegation, in a creditor's bill in equity to enforce satisfaction of a judgment at law, that the execution was returned wholly unsatisfied sufficiently states that defendant has no attachable property in this State sufficient to satisfy the judgment.

P. S. 2204 is merely declaratory of the equitable rule that a judgment creditor cannot maintain a suit in equity in aid of an execution until he has perfected his right at law as far as he can; and in order to do that, when he seeks satisfaction of his execution out of real estate that has been conveyed in fraud of his rights, he must have acquired a specific lien on it by levy of his execution.

An action at law for deceit in the sale of land is not an election of remedies so as to preclude a subsequent creditor's suit in chancery to enforce satisfaction of the judgment obtained by plaintiff in the suit at law.

APPEAL IN CHANCERY. Heard on demurrer to the bill, at the April Term, 1913, Windham County, *Fish*, Chancellor. Demurrer overruled; bill taken as confessed, and decree for the orators. The defendants appealed. The opinion states the case.

*Charles S. Chase* and *William R. Daley* for the orators.

*H. G. Barber, F. E. Barber* and *Cudworth & Pierce* for the defendants.

ROWELL, C. J.    This is a creditor's suit, to enforce satisfaction of a judgment that the orators recovered against the defendant, George W. Shepardson, in an action on the case for fraud and deceit in the sale of a farm to them, called in the pleadings the "Hunting Farm." The case is here on demurrer to the amended bill.

The bill alleges that on Nov. 20, 1902, the defendant, George W. Shepardson, bought said farm and went into possession of it, and on January 12, 1904, deeded it to his wife through a third person, neither of whom paid anything for it; that thereafter Shepardson occupied and controlled it the same as before, and on Nov. 20, 1905, acting for his wife, sold it to the orators, and therein committed the fraud and deceit for which said judgment was recovered, and that Mrs. Shepardson knew of, and participated in, said fraud and deceit, and that the orators were thereby induced to and did give to Mrs. Shepardson for part of the purchase price, notes for the sum of $1,600, secured by mortgage on the farm, which notes had been paid down to $1,000 and some interest; that the orators took out execution on said judgment and put it into the hands of a deputy sheriff to serve, but who returned it wholly unsatisfied because he could find no goods, chattels, nor estate whereon to levy it, nor the body of the debtor.

The bill further alleges that on Dec. 6, 1904, the defendant, George W. Shepardson, bought a piece of real estate in Londonderry in this State, known as the "Hermitage property," for which he paid $6,000, but took the deed of it in his wife's name, for the purpose, as she knew, of aiding and assisting her husband to commit the fraud and deceit upon the orators in the sale of the "Hunting Farm," and to put the "Hermitage property" out of the reach of the orators if they should prosecute him for said fraud and deceit, and that she has never paid anything of her own for said property.

The bill further alleges that as soon as the defendants learned of the rendition of said judgment, the defendant George left the State with the aid and assistance of his wife, so that

his body could not be taken on the execution; that his wife soon followed him; and that both have ever since remained, and still do remain, out of the State, solely for the purpose aforesaid.

The bill prays that said judgment be paid out of the "Hermitage property"; that Shepardson be ordered and decreed to release any marital or other rights he has in said property; that Mrs. Shepardson be ordered to bring said notes and mortgage into court, and be enjoined from assigning or transferring them during the pendency of this suit; that said mortgage be adjudged to be invalid and void, and be cancelled and extinguished as against the orators; that Mrs. Shepardson be ordered to pay back all of the money paid by the orators as aforesaid; that an accounting be had as to both defendants, and Mrs. Shepardson ordered to restore to the orators what she has received and now holds by reason of the fraud and deceit aforesaid; and that what Shepardson has received by reason thereof be ordered paid out of the amount now due on said notes and mortgage; that for what has been paid to Mrs. Shepardson, execution may issue against her; that a writ of attachment issue against her; and for general relief. The demurrer was overruled, the bill taken as confessed, and a decree entered substantially according to its prayer in respect of the notes and mortgage therein mentioned.

The defendants claim that there is no equity in the bill because it does not allege that Shepardson has not attachable property in this State sufficient to satisfy the judgment. But the allegation that the execution was returned wholly unsatisfied is an answer to this specific objection, as we shall see.

The defendants further claim that the bill, taken as going upon the ground that the "Hermitage property" in fact belongs to Shepardson, and as seeking to collect the judgment out of it, is fatally defective in not alleging a levy of the execution upon that property. In support of this claim they refer to P. S. 2204, which provides that when an execution has been levied upon real estate as provided by statute, and any part of it has been conveyed in fraud of the levying creditor's rights, he may maintain a suit in chancery for the satisfaction of his execution out of the real estate so conveyed. The orators meet this claim only by saying that it was not necessary to levy upon that property; that the bill alleges fraud and collusion for the purpose

of enabling Shepardson to evade payment of their judgment, and is not brought under that section of the statute.

But this is hardly an answer to the objection. That statute is merely declaratory of the law as it was before its passage, for it has always been the rule in equity in this State, that a judgment creditor cannot bring a bill in equity in aid of his execution till he has perfected his right as far as he can at law; and in order to do that, when he seeks satisfaction of his execution out of real estate that has been conveyed in fraud of his rights, he must have acquired a specific lien upon it by levy of his execution. This is practically what is said in *Rice* v. *Barnard,* 20 Vt. 479, 484, 50 Am. Dec. 54.

The law of this subject has been frequently and fully stated by the Supreme Court of the United States. Thus, in *Jones* v. *Green,* 1 Wall. 330, that Court, speaking by Mr. Justice Field, uses this language: ''A court of equity exercises its jurisdiction in favor of judgment creditors only when the remedy afforded him at law is ineffective to reach the property of the debtor, or the enforcement of the legal remedy is obstructed by some incumbrance upon the debtor's property or some fraudulent transfer of it. In the first case, the court, when its aid is invoked, looks only to the execution and the return of the officer to whom it is directed. The execution shows that the remedy afforded at law has been pursued, and is, of course, the highest evidence of that fact. The return shows whether it has been effectual or not, and from the embarrassment that would attend any other rule, the return is held conclusive. The court will not entertain inquiries as to the diligence of the officer in endeavoring to find property on which to levy. If the return is false, the law affords the injured party an ample remedy. In the second case, the equitable relief sought rests upon the fact that the execution has issued and a specific lien acquired upon the property of the debtor by its levy, but that the obstruction interposed prevents the sale of the property at a fair valuation. It is to remove the obstruction, and thus to enable the creditor to obtain a full price for the property, that the suit is brought.''

So in *Scott* v. *Neely,* 140 U. S. 106, 113, 35 L. ed. 358, 11 Sup. Ct. 712, Mr. Justice Field, speaking for the Court, said that ''in all cases where a court of equity interposes to aid the enforcement of a remedy at law, there must be an acknowledged debt or one established by a judgment rendered, accompanied

by a right to the appropriation of the property of the debtor for its payment; or, to speak with greater accuracy, there must be, in addition to such acknowledged or established debt, an interest in the property, or a lien upon it created by contract or by some distinct legal proceeding." In *Cates* v. *Allen,* 149 U. S. 451, 459, 37 L. ed. 804, 13 Sup. Ct. 883, the Court says it has no disposition to recede from the rule laid down in *Scott* v. *Neely.*

We accept this as an accurate statement of the law applicable to the case in hand, for it will be noticed that no exceptions are made, but that *"all* cases where a court of equity interposes to aid the enforcement of a remedy at law" are included. So it makes no difference here that Shepardson never had the legal title of the "Hermitage property," but took the deed of it to his wife when he bought it, for a lien upon it is necessary, nevertheless, to the relief asked, and that could be obtained only by a levy upon it. 3 Pom. Eq. 10th ed., 464, n. 4; *Bigelow Blue Stone Co.* v. *Magee,* 27 N. J. Eq. 392. In *Wilson* v. *Spear,* 68 Vt. 145, 34 Atl. 429, a case like this, it was taken for granted that such was the law, and the Court discussed and decided the validity of the levy.

It is manifest, therefore, that the orators have not exhausted their remedy at law, for they have not levied their execution upon the "Hermitage property" as far as the bill shows, and so an essential element of equity jurisdiction is lacking. No claim is made that the judgment is not a right, debt, or duty within the meaning of the statute against fraudulent conveyances.

The bringing of the action at law was not, as claimed, a choice between inconsistent remedies that precludes this resort to chancery; that, was to establish liability for the deceit, while this, is to obtain satisfaction of the judgment. It is needless to say that laches cannot be availed of by demurrer, and that the amended bill need not to pray for process.

*Decree reversed, demurrer sustained, bill adjudged insufficient, and cause remanded with mandate.*