EDSON E. ROWLEY AND MARTHA E. ROWLEY *v.* GEORGE W. SHEPARDSON AND EVA C. SHEPARDSON.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed November 13, 1916.

*Fraud—Liability of Wife for Fraud of Husband While Acting as Her Agent—Recovery of Benefit Accruing Thereby to Wife.*

Where a husband, acting as agent for his wife, committed fraud in the sale of real estate owned by his wife but not held to her sole and separate use, of which fraud she had notice, recovery may be had against the wife in a suit in equity, to the amount to which she was benefited by the fraud of her husband, although at common law she is not liable therefor, because it is inequitable for her to hold the avails of the fraud with notice thereof.

The inferences from facts found, drawn in *Rowley et ux.* v. *Shepardson et ux.*, 90 Vt. 25, are also drawn here, with regard to the claim to recover beyond the amount of the wife's profit.

Findings in that case are unaffected by new evidence and are re-affirmed.

APPEAL IN CHANCERY. Heard in vacation following the September Term, 1915, Windham County, on bill, answer, replication and evidence taken, *Fish*, Chancellor. Decree, on facts found by the chancellor, that the defendant Eva C. Shepardson, pay to the orators the sum of $810 with interest and costs. The orators appealed. The opinion states the case.

*Charles S. Chase* and *William R. Daley* for the orators.

*Herbert G. Barber, Frank E. Barber* and *Addison E. Cudworth* for defendants.

HASELTON, J. This is a bill in equity in which the plaintiffs seek satisfaction of a judgment at law obtained by them against Geo. W. Shepardson in an action on the case for deceit. The deceit was in the sale to the plaintiffs by George W. Shepardson of a farm known as the Hunting Farm, title to which was in Eva C. Shepardson, wife of George W. For the history of the case at law and the principles therein laid down, see 83 Vt. 167, 74 Atl. 1002, 138 Am. St. Rep. 1078, and 85 Vt. 226, 81 Atl. 917.

This case has twice before been here; once on demurrer to the bill (87 Vt. 57, 87 Atl. 528) and again on facts found by the chancellor. (90 Vt. 25, 96 Atl. 374). We refer to the opinions in the cases referred to for all matters preliminary to the questions now before us.

On the sale to the plaintiffs of the Hunting Farm, Mr. Shepardson acted as agent for his wife, and notes for the purchase price and a mortgage securing them ran to the wife.

In the opinion written when the case was last here, it was held that though on common law grounds she was not liable for the fraud of her husband acting as her agent in the sale of her property not held to her sole and separate use, yet equity would not allow her to profit by the fraud of her agent by holding the avails thereof with notice of the fraud.

Geo. W. Shepardson has no property standing in his name, and as the case was left by our former decision, the questions remaining, unless changed by new evidence, relate to the right

of the plaintiffs against the wife, Eva C. This Court held that it would be grossly inequitable for the wife to profit by the fraud of her husband acting as her agent in the sale of the farm. For reasons stated in the opinion, the decree was reversed and the cause remanded. After the remand, the chancellor made further findings for the purpose of making a decree in conformity to the holdings of this Court.

The chancellor found that in the sale of the Hunting Farm as agent for his wife, George W. Shepardson defrauded the plaintiffs by means of false representations as to the number of sugar maples that would be left on the farm, and that the damage to the plaintiffs consequent upon such fraud was $1,000; that is, that the difference between the value of the farm as it was when purchased by the plaintiffs and its value if it had been as represented was $1,000.

But the chancellor finds that the true value of the farm when sold to the plaintiffs was only $500 less than the price at which it was sold; so that Mrs. Shepardson profited by the fraud to the extent of $500 only. The chancellor finds that Mrs. Shepardson at the time of the sale knew of the representations of her husband above referred to, but says that the evidence does not show that she knew them to be untrue. There is a finding that Mrs. Shepardson now holds notes given as a part of the purchase price of the farm, notes secured by mortgage, to the amount of $1,000 and interest thereon since November 20, 1911. Some other findings are made as to matters that cannot affect the result here. Upon the findings the court ordered and decreed that Mrs. Shepardson pay to the plaintiffs the sum of $810, with interest thereon from March 20, 1916, together with the plaintiffs' costs taxed and allowed at $106.92. The sum of $810 was obtained by adding to $500, the amount that Mrs. Shepardson received for the farm above its actual value, interest thereon from the date of the sale November 20, 1905 to March 20, 1916. It was further ordered and decreed that Mrs. Shepardson, her agents, servants and attorneys, be enjoined from foreclosing, selling, assigning, transferring or in any way putting out of her hands and control, the mortgage and notes held by her, as hereinbefore stated, until the decree should be fully paid and satisfied.

From this decree the plaintiffs appealed. The plaintiffs filed below six exceptions.

The fifth and sixth of these exceptions present the claim that the court below did not decree to the plaintiffs a sum equal to the profit obtained and realized by the defendant Mrs. Shepardson as a result of the fraud. But this claim is a mistaken one, for, as we have seen, the decree was for the amount of her profit so obtained with interest thereon. No claim was or is made that the computation of interest was not correct. The third exception is somewhat involved, but it, in fact, presents only the claim just considered.

The second and fourth exceptions present the claim that the plaintiffs are entitled to recover, and to recover of Mrs. Shepardson, the actual damage sustained by them by reason of the fraud, that is, one thousand dollars with interest thereon.

But the findings of fact, under the principles established when the case was last here, do not permit a recovery against her beyond the amount to which she was benefited by the fraud. It is suggested that, as the decree was before for the defendants, and is now for the plaintiffs, the reasonable inferences that were there recognized as supporting the findings cannot be drawn here.

But as the decree here denies any recovery to the plaintiffs beyond the amount of Mrs. Shepardson's profit, the matter of inferences taken to have been drawn by the chancellor in support of the facts specifically found, stands now as then in respect to the claim to recover beyond the amount of Mrs. Shepardson's profit.

The first exception of the plaintiffs, the only one we have not already noticed, is ''for the failure of the court to enter a decree in accordance with the findings of the Chancellor.'' This presents no claim not already considered.

The bill in this case sought among other things to have the judgment, in the suit at law against Geo. W. Shepardson, satisfied out of certain real estate known as the ''Hermitage'' property, standing in the name of Mrs. Shepardson, on the ground, as claimed, that such property was conveyed to her by her husband, and held by her, in fraud of her husband's creditors. But as the case stood before (90 Vt. 25, 96 Atl. 374) it was held that the conveyance to her was not in fraud of creditors; and this holding is left unaffected, for there are no new findings that affect it.

It was before held that, as the case then stood, the plaintiffs' right of recovery if any in this suit, grows out of the fraud affecting the notes and mortgage received by Mrs. Shepardson in the sale of the Hunting Farm.

This holding is unaffected by any new evidence and is reaffirmed. Under the new findings the fraud in the sale of the Hunting Farm was her husband's, acting as her agent in the sale of the farm, property not held to her sole and separate use, and it was in effect held before that, in such case, what equity would require and could accomplish as to her would be that she should be deprived of the profits accruing to her as the result of the fraud. The decree rendered in the case as now made up conforms to this view.

Some of the propositions advanced by the plaintiffs would be sound except for the common law still applicable to the case of a husband committing a tort in the sale of his wife's real estate not held to her sole and separate use.

The result of the decree is, in effect, that as to Mrs. Shepardson, the plaintiffs are held to pay the actual value of the farm, while they lose a profit which they would have made if the farm had come up to the fraudulent representations of Geo. W. Shepardson. On the other hand Mrs. Shepardson loses the benefit of the fraud of her husband, by being obliged to pay over to the plaintiffs an amount equal to the extent of her profit through the fraud of her husband.

The method of securing payment of the decree is adequate, for the amount of the mortgage notes held by Mrs. Shepardson, to which the injunction relates, somewhat exceeds the amount of the decree against her.

*Decree affirmed and cause remanded.*