WALLACE BELL, SR., ET AL. *v.* HILLARD E. BLOOM ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and SHEA, Js.

Argued March 3—decided March 31, 1959

*Charles R. Covert,* with whom was *Philip H. Smith,* for the appellants (plaintiffs Bell et al.), and with whom, on the brief, was *George F. Carroll,* for the appellant (plaintiff administrator).

*Sidney Vogel,* with whom was *Robert B. Seidman,* for the appellees (defendants).

BALDWIN, J. Two of the plaintiffs are a brother and a sister of Ethel Morrell, the decedent. The third plaintiff is the administrator of her estate. They brought this action to set aside two deeds given by the decedent, one to the defendant Norman R. Bloom, and the other to him and the defendant Hillard E. Bloom. The plaintiffs claim that the deeds were not delivered to these defendants but were wrongfully secured by them and recorded and that the deeds are void. Upon the close of the plaintiffs' evidence, the trial court denied a defendants' motion for a nonsuit. The defendants offered no evidence, rested and moved for a directed verdict; the motion was granted. The court denied the plaintiffs' motion to set the verdict aside, judgment was rendered for the defendants, and the plaintiffs have appealed. We shall consider only the error assigned in the denial of the motion to set aside the verdict.

The deeds bear attestation clauses and signatures as follows:

"In Witness Whereof, I have hereunto set my hand and seal this 8th day of January [1955].

Ethel Alberta Morrell (L.S.)

*Signed, Sealed and Delivered in presence of*
Willis F. Cavanagh
William J. Sullivan"

The delivery of a deed with intent by the grantor to pass title is essential to a valid conveyance. *City National Bank* v. *Morrissey,* 97 Conn. 480, 483, 117 A. 493; *Wiley* v. *London & Lancashire Fire Ins. Co.,* 89 Conn. 35, 39, 92 A. 678; *Porter* v. *Woodhouse,* 59 Conn. 568, 575, 22 A. 299; 7 Thompson, Real Property (Perm. Ed.) § 4110. The attestation clause of a deed which is in the possession of the grantee is prima facie proof of delivery. *Sweeney* v. *Sweeney,* 126 Conn. 391, 394, 11 A.2d 806; *New Haven Trust*

*Co.* v. *Camp,* 81 Conn. 539, 542, 71 A. 788; 4 Tiffany, Real Property (3d Ed.) §§ 1040, 1042; 7 Thompson, op. cit., §§ 4120, 4179. It is not, however, conclusive, and evidence can be received under appropriate pleadings to show that there was no delivery. *Sweeney* v. *Sweeney,* supra, 394; 7 Thompson, op. cit., §§ 4120, 4141, 4147; 4 Tiffany, op. cit., § 1040. The party who asserts nondelivery has the burden of proving it by clear and convincing evidence. 7 Thompson, op. cit., §§ 4120, 4141, 4147; *Wright* v. *Wright,* 77 Fed. 795, 798.

The jury could have found the following facts from the evidence offered by the plaintiffs. Ethel Morrell died on November 2, 1955, and the deeds were recorded at the request of the defendant Norman Bloom on the morning of November 3, 1955. The decedent was a widow and had no children. She had three sisters, Mildred Bloom, Laurel Martin and the plaintiff Alberta Allen, and a brother, the plaintiff Wallace Bell, Sr., who survived her and are her heirs at law. Mrs. Allen had a married daughter, Millicent Durant, and a granddaughter about thirteen years old. Mrs. Bloom was the mother of the two defendants, Norman and Hillard Bloom. Laurel Martin had no children. Wallace Bell, Sr., had a son, Wallace Bell, Jr., and a married daughter, Marion Hopp. He also had grandchildren. All these relatives were born and lived at or near the family "homestead" at 36 Cove Avenue in Norwalk. The family ties were very close. For many years the decedent had owned property with a two-family house on it at 38 Cove Avenue. She also owned land, with a house on it in which she lived, at 9 First Street in Norwalk. This house was about ten minutes walk from the "homestead." She owned, as well, a small house in

Greenwich on land leased from that town, and an undivided interest in the "homestead." Rents from these properties, together with her social security benefits, furnished her livelihood after she retired from her employment. The defendant Norman Bloom occupied a room at 9 First Street after his separation from his wife, but he took his meals elsewhere.

In January, 1955, the decedent had a surgical operation. Thereafter, her health declined until her death. She kept her valuable papers in the house where she lived in a place readily accessible to Norman Bloom. After January 8, 1955, she made several verbal statements to the effect that she owned the properties purportedly conveyed by the deeds. On one occasion she applied to a bank for a loan on the property at 9 First Street, which is the one claimed by Norman Bloom, and stated in the application that she was the owner of it. On another occasion she applied, as the owner, for the dredging of certain lands between high and low watermark adjacent to the property at 38 Cove Avenue, which the defendants Norman and Hillard Bloom claim was conveyed to them. The decedent appeared to have no favorites among her relatives. During her illness her sister Alberta Allen and her niece Millicent Durant nursed and cared for her. She never showed any favoritism toward the defendants. She relied upon her sister Alberta Allen, her niece Millicent Durant and her niece Marion Hopp for assistance in her personal business affairs such as the management of her checking account and the cashing of her social security checks. After January 8, 1955, the defendant Hillard Bloom continued to pay rent to the decedent for his occupancy of an apartment in the house at 38 Cove Avenue.

The decedent controlled all her properties until her death. The attitude of the defendant Norman Bloom was very unfriendly to Alberta Allen and her daughter, Millicent, and in July, 1955, he ordered them to keep away from the decedent's house.

The consideration is stated in the deeds as less than $100, which creates the inference that gifts were intended. But when were they to become effective? The statements and conduct of the decedent are inconsistent with any intent on her part to deliver the deeds in order to effectuate a present gift or a gift to take effect at any time before her death on November 2, 1955. The evidence raises the basic issue whether the decedent intended to deliver these deeds to make a gift inter vivos or a gift to become effective upon her death or whether she made any delivery at all. Under the circumstances, the evidence and the reasonable inferences which could be drawn therefrom raise issues which should have been submitted to the jury.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.