SAMUEL MOLK *v.* FRANCES MICKLEWRIGHT, ADMINISTRATRIX C.T.A. (ESTATE OF HARRIET S. WARBURTON)

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 5—decided May 12, 1964

*Andrew D. Dawson,* with whom was *Michael J. Daly III,* for the appellant-appellee (defendant).

*John J. Mezzanotte,* with whom were *Thomas J. Staley* and, on the brief, *Daniel Pouzzner,* for the appellee-appellant (plaintiff).

MURPHY, J. The plaintiff instituted this action in July, 1959, to foreclose a $4000 mortgage on property of Harriet S. Warburton on First Avenue in Waterbury. Mrs. Warburton died in December, 1959. The named defendant, as administratrix c.t.a. of her estate, was substituted as defendant.[1] The complaint recited that the mortgage note bore interest at 6 percent per annum. The note in fact carried interest at ".06" percent. The court rendered judgment of foreclosure for $4000, with interest computed at .06 percent. The defendant has appealed, and the plaintiff has cross appealed, claiming that the rate of interest recited in the note and mortgage was an error, that both the note and mortgage should be reformed and that the interest should be computed at 6 percent.

The finding is not subject to correction. It states that Mrs. Warburton, hereinafter called the decedent, was the owner on September 27, 1951, of the property described in the mortgage. The plaintiff

---

[1] Subsequent to the present appeals, the named defendant died, and Dominic S. Panza, administrator d.b.n., c.t.a., was substituted as party defendant.

was then, and still is, a resident of Clifton, New Jersey. In September, 1951, Michael Jacobson, an uncle of the plaintiff's wife, on a visit to the home of the plaintiff gave him as a gift a note dated at Waterbury on September 27, 1951, in the amount of $4000, payable on demand to the order of the plaintiff, with interest at .06 percent a year. It bore the signature of the decedent. Soon thereafter, the plaintiff received through the mail the mortgage deed securing the note. The deed was dated September 27, 1951, and had been recorded September 28, 1951. No consideration was given by the plaintiff to the decedent for the note, and there had been no negotiations or discussions by them concerning the note and mortgage. No payments of interest or principal were made on the note. The plaintiff, the decedent and Jacobson had been friends for many years. Jacobson died in 1958, and in the following spring the plaintiff made demand on the decedent for payment of the note, but she refused payment. This action was then instituted.

In her will, executed February 2, 1958, the decedent directed her executrix to "pay to Michael Jacobson such sums of money justly owed by me to him, as evidenced by mortgage note or otherwise." This provision was an acknowledgment of an existing indebtedness to Jacobson. The court concluded that the mortgage deed was based on sufficient consideration. This conclusion has been challenged by the defendant. As it is fundamental to the determination of the questions raised on the appeal, we discuss it first.

For this conclusion to withstand attack, support for it must be found in the findings of fact. *Camp Isabella Freedman of Connecticut, Inc.* v. *Canaan,* 147 Conn. 510, 513, 162 A.2d 700. The finding that

the plaintiff gave no consideration for the note to the decedent and the absence of any other reference to consideration in the finding require examination of the memorandum of decision in an attempt to explain the conclusion. *Murphy* v. *Murphy*, 143 Conn. 600, 602, 124 A.2d 891; *Taylor* v. *Hamden Hall School, Inc.*, 149 Conn. 545, 558, 182 A.2d 615; Maltbie, Conn. App. Proc. § 152. The memorandum indicates that lack of consideration was one of the principal claims of the defendant in the trial. It had been alleged as a special defense. The court relied on the presumption of consideration created by General Statutes § 39-25 (repealed, Public Acts 1959, No. 133, § 10-102; see General Statutes § 42a-3-408, effective Oct. 1, 1961) and on an inference that the consideration for the mortgage came from a third party. The case was presented and tried on the theory that the note was negotiable.

Section 39-25 provided that "[E]very negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value." We have consistently held that this statute throws on the defendant the burden not only of introducing some evidence of lack of consideration but of ultimately establishing such lack by a preponderance of the evidence. *Taylor* v. *Hamden Hall School, Inc.*, supra; *Fisher* v. *Lehrer*, 149 Conn. 106, 110, 175 A.2d 707; *Kessler* v. *Valerio*, 102 Conn. 620, 624, 129 A. 788. The finding that no consideration was given by the plaintiff for the note does not overcome the prima facie feature of the statute. The consideration does not necessarily have to move from the mortgagee to the mortgagor. *Fisher* v. *Lehrer*, supra, 111. The inventory filed in the Probate Court by the defendant as ad-

ministratrix of the decedent's estate listed a $4000 second mortgage as a liability of the estate. This admission and the direction in the will to pay Jacobson whatever sums of money were owed to him, as evidenced by mortgage note or otherwise, and the lack of evidence of any other indebtedness to Jacobson furnished sufficient basis for an inference that the provision in the will referred to the $4000 note which Jacobson gave to the plaintiff in 1951. The defendant did not sustain the burden of proving lack of consideration.

In her special defense, the defendant alleges that the mortgage deed was improperly executed and that it had never been delivered by the decedent or her agents to the plaintiff. The burden of proving these affirmative defenses rested on the defendant. *Bell* v. *Bloom,* 146 Conn. 307, 309, 150 A.2d 300; *First National Bank* v. *National Grain Corporation,* 103 Conn. 657, 662, 131 A. 404. The imperfections in the execution of the deed, if there were any, and the court found none, were cured by the passage of No. 441, §§ 5 and 7, of the 1953 Special Acts, which validated deeds otherwise infirm. 26 Spec. Laws 1033, 1035. Possession of the deed by the grantee and the execution of the attestation clause are prima facie proof of delivery. *Bell* v. *Bloom,* supra, 308, and cases cited. The defendant did not sustain her burden of proof with respect to these special defenses.

The defendant has assigned error in a number of rulings on evidence. It is impossible, however, to determine what those rulings were. One section of the finding sets forth the rulings claimed by the defendant to be erroneous, and the following section sets forth the plaintiff's claims as to the substance of the same rulings. The court has not found the

rulings as actually made. Since the rulings are not properly presented, we do not consider them. *Taylor* v. *Hamden Hall School, Inc.*, 149 Conn. 545, 551, 182 A.2d 615; *Martyn* v. *Donlin*, 148 Conn. 27, 30, 166 A.2d 856; Practice Book, 1963, § 648. No other claims of the defendant warrant comment.

With respect to the cross appeal, the court found that the statement of the rate of interest in the note as .06 percent per annum was an apparent error. It refused to reform the rate to 6 percent because of the laches of the plaintiff and also because there had been a sale of the property to a third party, whose interests had intervened. No amendment to the complaint was filed seeking a reformation of the note and mortgage. Therefore the conclusion of the court will not be disturbed.

There is no error on either appeal.

In this opinion the other judges concurred.