[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant became romantically CT Page 2748 involved in 1978. The defendant and her daughter moved into the premise previously owned by the plaintiff located at 11 Four Mile River Road, Old Lyme, Connecticut. At or around this time the plaintiff who had been a developer, landscaper and contractor was having financial problems. The defendant had various part-time jobs. It was a difficult time for all parties financially. In 1981 the plaintiff came into an inheritance from his mother in excess of $100,000. In 1982 the former husband of the defendant, the father of her daughter died entitling the defendant and her daughter to $1,000 a month social security benefit.
Over the period of time between 1978 and 1985 there was talk by and between the parties of marriage. Each one, at different times proposing marriage to the other. For one reason or another i.e. financial problem, loss of social security benefits, emotional problems, domestic problems the marriage never occurred.
The defendant during this period was concerned about her financial security and the financial security of her daughter. She had had a bad experience in a prior marriage dissolution settlement.
The plaintiff claims that he was anticipating marriage after which he intended to convey to himself and the defendant title to the premises known as 117 Four Mile River Road. He went to an attorney's office to have a deed drawn up and executed. The deed was drawn and executed on April 19, 1984 and picked up by the plaintiff. The plaintiff claims that the deed was placed at home in a secured drawer and not given to the defendant. The defendant differs with the plaintiff but claims the deed was handed to her and that the plaintiff said you no longer have to worry about having a home if something happens to me. The defendant claims to have then placed the document in an unsecured drawer because the plaintiff told her not to record the deed.
In any event it was later discovered that the deed purported to convey the entire 100% fee title to the defendant. The attorney preparing the same had been in error in preparing the deed as he did. The defendant claims that the CT Page 2749 attorney requested that the deed (hereinafter referred to as Deed #1) be returned to him, the drafting attorney.
The plaintiff however, claims to have discovered the error himself. He claims that Deed #1 had never been delivered to the defendant and knowing that there was an error he destroyed it himself.
The court concludes that based upon all of the evidence concerning Deed #1, including the testimony of the defendant that she received a phone call from the drafting attorney that he had made a mistake, that no matter whose recitation of facts the court believes, the unconditional return of that document to the drafting attorney or the destruction of the document by the plaintiff, the legal effect of the document was nullified. By each ones conduct the court infers that each assented to the fact that the deed was of no effect. Subsequently after a series of other intervening events the defendant went to the drafting attorney's office and obtained a by of Deed #1 as fully executed on April 19, 1984 and she, without the consent, authorization or knowledge of the plaintiff recorded the same in V156 p. 304 of the Old Lyme Land Record on June 20, 1985.
The recording of the copy of the Deed #1 does not in any way validate the document that was rendered a nullity by all of the parties assenting to the document being in error,
Connecticut General Statutes Section 47-10, entitled "Deeds to be recorded" makes no provision for the recording of a copy of a deed. ("`Where the issue of title or ownership is directly involved, the proper way to prove title is by the production of the original documents or certified `copies from the record.'" quoting New Canaan Country School, Inc. v. Rayward, 144 Conn. 637, 640 (1957)); Velsmid v. Nelson175 Conn. 221, 229 (1978).
A second deed was prepared at the direction of the plaintiff and was fully executed by him. That document is hereinafter referred to as Deed #2. Deed #2 purports to convey to both the plaintiff and the defendant joint title with right of survivorship. The quit claim survivorship deed is dated the 20th of July 1984 is signed and acknowledged by John J. McCook the plaintiff herein.
The plaintiff claims that Deed #2 was kept by him and never delivered to the defendant and that he did not intend to make delivery until and unless they married.
The defendant claims that deed #2 was given to her CT Page 2750 by the plaintiff and that the plaintiff requested her not to record the same. Accordingly she placed it in a drawer in the home.
Evidence was presented that at some time in 1985 they did get blood tests pursuant to marriage plans. There was also evidence that the defendant became pregnant. There was an abortion.
In any event the relationship finally broke down. Attempts were made to resolve their differences by the attorney who had been preparing the deeds referred to and who in the past had been giving advice to both the defendant and the plaintiff.
Proposals were made in an apparent attempt at negotiating some form of separation agreement.
Money was borrowed by the plaintiff. There was a plan to use this to obtain a release of any claim of the defendant to the subject premise.
The defendant testified that she returned the deed to Mr. McCook in consideration of being paid $50,000 for her share of the real estate. A closing had been scheduled on several occasions but was always cancelled. This court cannot find that there ever was ever such an agreement, a meeting of the minds.
There is conflicting evidence from, the defendant especially as to what happened to Deed #2. Her court, room testimony is not consistent with prior deposition testimony which comes to the court as an exhibit.
This court concludes inferentially that there came a time that the defendant became disturbed and frustrated with what was happening and walked away from the situation.
There is no question that the original of Deed #2 at least at the time of the trial, was in the possession of the plaintiff. There is no question that the original of Deed #2 was not recorded.
There came a time when the defendant packed up and , left the premises. She either left the original Deed #2 in the home or she gave it to Mr. McCook. "The delivery of a deed with intent by the grantor to pass title is essential to a valid conveyance." Bell v. Bloom, 146 Conn. 307, 308 (1959).
The court is satisfied that by clear and convincing CT Page 2751 evidence that delivery was never made. Id., 309; see also Lomartira v. Lomartira, 159 Conn. 558, 561 (1970).
Even accepting the best scenario for the defendant's case if there were any delivery of the deed it was conditionally given with instructions not to record. The defendant did not record the document and either returned the document to Mr. McCook or left the document in the drawer before leaving.
The court is satisfied that at a certain point these deeds were executed, talked about and may have been viewed by the defendant but that these proceedings were part of a bigger picture. The bigger picture being the attempt by the plaintiff to show he wanted things to be right between the plaintiff and defendant. The Deed #2 was to be finally delivered and recorded upon everything coming together, that being their marriage. The marriage never occurred.
On two later occasions the defendant went to the attorney's office who had prepared Deed #1 and Deed #2. (The court already addressed Deed #1.) On one of those occasions she obtained a "copy" of Deed #2 as it had been previously executed on July 20, 1984 and recorded the same at V156 p. 98 of the Old Lyme Land Records on June 12, 1985.
The recording of the "copy" of Deed #2 in no way effectuated a transfer of title to the subject premises. Recording does not give validity to a void deed or mortgage. "`Recording places on file, in a public place, the written evidence of a conveyance; if that conveyance was void for want of delivery, forgery, lack of capacity in the grantor due to infancy or insanity, etc., it is void still."' (Emphasis added.) Graham v. Zimmerman, 181 Conn. 367, 378 (1980) (Healey, J., dissenting) (quoting Cribbett, Principles of the Law of Property, p. 218.)
Judgment may enter on the complaint in favor of the plaintiff as follows:
This court finds that the deed dated April 19, 1984 and recorded June 20, 1985 in vol. 156 p. 304 of the Old Lyme Land Records is of no legal effect and is null and void.
This court further finds that the Deed dated July 20, 1984 and recorded on June 12, 1985 in vol. 156 p. 98 of the Old Lyme Land Records is of no legal effect and is null and void.
As to the counterclaim the court finds: CT Page 2752
The defendant has failed to sustain her burden to prove by perponderance of the evidence the allegation as set out in count one or in count two of her counterclaim. Accordingly the court is unable to provide the relief claimed by her. Judgment may enter in favor of the plaintiff against the defendant on the counterclaim as to both count one and count two.
J. F. WALSH, JUDGE