[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994).
In support of her motion for summary judgment as to the second count of her amended complaint, Gladys Lenoff, the plaintiff argues that title should be quieted in her name because the decedent, her daughter, transferred title to her by quitclaim dated September 6, 1991, almost two years prior to the decedent's quitclaim to her husband, the defendant, the defendant's deed was recorded on August 2, 1993. Prior to the plaintiff Lenoff's deed which was recorded on August 12, 1993 approximately two weeks prior to decedent's death on September 3, 1993. Lenoff also contends that the defendant's title is not valid because he is not a bona fide purchaser. The defendant has admitted that there was no consideration for his deed.
Lenoff also submitted an affidavit attesting to facts concerning her quitclaim deed, an affidavit signed by the attorney who prepared the quitclaim, copies of the decedent's quitclaim to Lenoff dated September 6, 1991, and the quitclaim to the defendant dated August 2, 1993, as well as the defendant's admissions.
Whether the defendant had actual notice of the prior quitclaim, and whether Lenoff's delay in recording her deed was reasonable are central to the resolution of this dispute. "The delivery of a deed with intent by the grantor to pass title is essential to a valid conveyance." Bell v. Bloom, 146 Conn. 307,308, 150 A.2d 300 (1959). Actual notice is knowing facts "sufficient to put a reasonable person on inquiry which, if CT Page 557 prosecuted with reasonable diligence, would certainly lead to discovery of a conflicting claim. . . ." Clean Corp. v. Foston,33 Conn. App. 197, 202, 634 A.2d 1200 (1993). "[W]hat is a reasonable time [to record] is a question of fact for the trial court, and its finding is conclusive." Farmers MechanicsSavings Bank v. Garofalo, 219 Conn. 810, 820, 595 A.2d 341
(1991). Lenoff's submissions fail to conclusively resolve these issues.
Although the defendant did not file a memorandum in opposition, Lenoff has failed to meet her burden of proving the nonexistence of genuine issues of material fact. Accordingly, this court denies her motion for summary judgment.
The Court
By Curran, J.