### COMMONWEALTH *vs.* EDWARD FRAHER, 2D.

Norfolk. Nov. 25, 1878. — Jan. 30, 1879. COLT & MORTON, JJ., absent.

A verdict of guilty on an indictment for keeping and maintaining a tenement for the illegal sale and illegal keeping of intoxicating liquors, upon which no judgment has been rendered, and to the rulings at the trial of which exceptions are still pending, is no bar to a complaint for the same offence.

COMPLAINT on the Gen. Sts. *c.* 87, §§ 6, 7, to the District Court of East Norfolk, charging the defendant with keeping and maintaining, on January 1, 1878, and on divers other days between that day and May 9, 1878, a certain tenement in Weymouth, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance.

At the trial in the Superior Court, before *Colburn*, J., the defendant pleaded in bar of the complaint a former conviction, and relied upon the following admitted facts in support of that plea:

At the September term of the Superior Court the defendant was indicted for keeping and maintaining the same tenement as a common nuisance, for the period commencing May 1, 1878, and ending September 6, 1878. He was tried upon that indictment and found guilty. After verdict, he duly filed exceptions to certain rulings at the trial, which were allowed, and were pending at the time of the trial of this complaint. At the former trial, the judge excluded all evidence tending to show the commission of the offence, relating to the period between May 1, 1878, and May 9, 1878.

The judge ruled that these facts did not constitute a bar; and the defendant was tried on evidence relating solely to a time prior to May 1, 1878. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*C. R. Train*, Attorney General, *&* *J. F. Brown*, Assistant Attorney General, for the Commonwealth.

GRAY, C. J. At the time of the trial of this complaint, no judgment had been rendered upon the verdict of guilty on the former indictment, and the question whether that verdict should stand was still open and pending on a bill of exceptions filed by the defendant himself. Under these circumstances, even assuming both prosecutions to be for the same offence, the former verdict will not support the plea of *autrefois convict*. *Commonwealth* v. *Lahy*, 8 Gray, 459, 461. What might be the effect of that verdict, if the defendant had never taken or had afterwards waived his exceptions, and stood ready to abide his sentence thereon, this case does not require us to consider. See *Commonwealth* v. *Roby*, 12 Pick. 496, 510; *Commonwealth* v. *Harris*, 8 Gray, 470, 473; *State* v. *Elden*, 41 Maine, 165; Stark. Crim. Pl. (2d ed.) 330.                    *Exceptions overruled.*