EUPHEMIA M. GLASS *vs.* WILLIAM C. GLASS.

Worcester. February 28, 1927. — July 11, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Jurisdiction, Hearing upon "agreed facts." *Parent and Child. Domicil. Words,* "Inhabitant."

Where a petition is heard in a probate court upon "Agreed Facts," the rule in equity applies and the agreed facts are treated as evidence with power on the part of the court to draw such inferences as may be warranted.

At common law the domicil of a legitimate minor child is that of the father even if the parents are living apart.

While a married woman may acquire a domicil different from that of her husband in appropriate circumstances, in the absence of some neglect of parental duty on the part of the father, or some provision of statute, a separate domicil of the mother does not affect the domicil of minor children of the two born in lawful wedlock.

The Probate Court has no jurisdiction of a petition, filed under G. L. c. 208, § 29; St. 1922, c. 532, § 9, by a woman who had moved into this Commonwealth after a decree absolute of divorce had been granted to her husband in New Jersey, where the husband still lived, in which she sought custody of a minor child of the parties, the child by reason of his father's domicil in New Jersey being also domiciled there and therefore not an inhabitant of this Commonwealth within the provisions of the statute.

PETITION, filed in the Probate Court for the county of Worcester on October 22, 1926, for custody of a child.

Proceedings and facts appearing at the hearing in the Probate Court are described in the opinion. By order of *Atwood*, J., the petition was dismissed. The petitioner appealed.

The case was submitted on briefs.

*W. T. Forbes & L. M. Erskine*, for the petitioner.

*H. P. Mason & J. Sidney Stone*, for the respondent.

RUGG, C.J. This is a petition by a mother residing in this Commonwealth for the custody of two minor children of herself and the respondent. Since the only questions at issue concern the son, he alone will be hereafter referred to. The case comes here by appeal from the Probate Court, which under St. 1922, c. 532, § 6, has jurisdiction of the subject matter of the petition.

It was submitted on what is termed in the record "Agreed Facts." Practice in probate courts is according to equity so far as practicable and applicable. *Churchill* v. *Churchill*, 239 Mass. 443, 445. In equity, agreed facts commonly are treated as evidence with power on the part of the court to draw such inferences as may be warranted. *Donahoe* v. *Turner*, 204 Mass. 274, 275. Compare *Frati* v. *Jannini*, 226 Mass. 430, 431.

The facts now material are that the petitioner and respondent, married in this Commonwealth and domiciled here when their son was born, subsequently acquired a domicil in New Jersey, where the respondent still lives. They lived together there until October, 1923, and thereafter ceased to live together as husband and wife. On November 13, 1924, the husband filed a petition for divorce in New Jersey and on May 23, 1925, the wife filed a cross petition

for divorce. In each of those petitions was a prayer for custody of the son. After hearing, divorce *nisi* was granted to the husband, which was affirmed on appeal on May 17, 1926. Exclusive custody of the minor son was decreed to. the father on June 23, 1926, leave being reserved to the mother to apply for modification. This was the first decree by any court affecting the custody of the son. A final decree granting absolute divorce to the husband and dismissing the cross petition of the wife was entered by a court of competent jurisdiction in New Jersey on June 30, 1926. They have not since remarried. In June, 1925, the wife and mother (the present petitioner) and the son, then fourteen years old, without consulting the husband and father (the present respondent) went from New Jersey to Blackstone in this Commonwealth, where they have since resided. At no time has the respondent consented to the residence of the son in this Commonwealth.

The probate judge rightly ruled or found as an inference from these agreed facts that the son since prior to the institution of divorce proceedings in New Jersey has not been an inhabitant of this Commonwealth but has been an inhabitant of New Jersey. At common law the domicil of a legitimate minor child is that of the father. The reason for this is that the father is the natural guardian, is entitled to the custody and services, and is responsible for the tutelage, discipline and support of such child. This doctrine as to domicil rests upon the reciprocal rights and duties of father and child. It obtains even though the parents may be living apart. *Dedham* v. *Natick*, 16 Mass. 135, 139. *Tornroos* v. *R. H. White Co.* 220 Mass. 336, 341. *Martin* v. *Gardner*, 240 Mass. 350, 354. *Lamar* v. *Micou*, 112 U. S. 452, 470. *Matter of Thorne*, 240 N. Y. 444, 448. *White* v. *White*, 77 N. H. 26, 29. *Hess* v. *Kimble*, 9 Buch. 454, 457. *Bjornquist* v. *Boston & Albany Railroad*, 163 C. C. A. 179, 181. *Delaware, Lackawanna & Western Railroad* v. *Petrowsky*, 162 C. C. A. 570, 574. *Parsonsfield* v. *Kennebunkport*, 4 Maine, 47, 50, 51. *Lanning* v. *Gregory*, 100 Texas, 310, 315. *Sharpe* v. *Crispin*, L. R. 1 P. & D. 611, 617. *Udny* v. *Udny*, L. R. 1 H. L. (Sc.) 441, 449, 460. The statutory provisions respect-

ing the settlement of children are founded on this principle of the common law. G. L. c. 116, § 1, Third.

A married woman may acquire a domicil different from that of her husband in appropriate circumstances. *Bradford* v. *Worcester,* 184 Mass. 557, 561. *Clark* v. *Clark,* 191 Mass. 128, 132, 133. But in the absence of some neglect of parental duty on the part of the father, or some provision of statute, that does not affect the domicil of minor children of the two born in lawful wedlock.

The jurisdiction of probate courts to consider petitions of this nature is found in G. L. c. 208, § 29, and by § 6A added to that chapter by St. 1922, c. 532, § 6, and so far as pertinent is in these words: "If, after a divorce has been decreed in another jurisdiction, minor children of the marriage are inhabitants of this Commonwealth," probate courts upon proper petition and "notice to both parents, may make like decrees relative to their . . . custody . . . as if the divorce had been decreed in this Commonwealth." The words "residents or inhabitants" in connection with the jurisdiction of probate courts over minors are found in G. L. c. 201, § 1, and c. 209, § 37, and perhaps in other sections. The difference in meaning of these two words in c. 201, § 1, was discussed in *Martin* v. *Gardner,* 240 Mass. 350, and the conclusion reached after a review of decisions that as the word "inhabitant" is used in our statutes respecting the jurisdiction of courts over minors, it has come to have a signification different from "resident" and to import domicil. It is not necessary to go over that ground again. *Harvard College* v. *Gore,* 5 Pick. 370. *Woodworth* v. *Spring,* 4 Allen, 321. *Tax Collector of Lowell* v. *Hanchett,* 240 Mass. 557, 561. The word "inhabitant" in numerous other connections denotes domicil. *Opinion of the Justices,* 122 Mass. 594, 597. *Thayer* v. *Boston,* 124 Mass. 132, 144. The meaning of "inhabitant" in G. L. c. 4, § 7, Fourteenth, is not relevant to the provisions of statute here controlling. The omission of the word "resident" in G. L. c. 208, § 29, in connection with its use in other sections concerning domestic relations, to which reference has been made, significantly discloses a legislative purpose that

it was not intended to be given a meaning broad enough to include "resident" as distinguished from "inhabitant."

The provisions of G. L. c. 208, § 31, to the effect that in making an order or decree touching the custody of children "the rights of the parents shall, in the absence of misconduct, be held to be equal, and the happiness and welfare of the children shall determine their custody," cannot become operative until a case is presented over which the court has jurisdiction.

It is manifest from what already has been said that the minor son of these parties is not an "inhabitant" of this Commonwealth, although his mother may be domiciled here, but is an inhabitant of the State of New Jersey. It follows that by the terms of the statute the Probate Court had no jurisdiction to decide the petition on its merits.

It is too plain for discussion that no affirmative relief can be granted to the respondent in this proceeding. His argument to that end is futile.

In order to avoid misapprehension, the decree should be modified by the insertion of express words of unequivocal meaning to the effect that the petition is dismissed as to the son for want of jurisdiction. *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 356. *Day* v. *McClellan,* 236 Mass. 330, 331. The decree as thus modified is affirmed.

*Ordered accordingly.*