OSCAR SHAPIRO *vs.* THOMAS V. McCARTHY.

MURRAY N. SILVERMAN *vs.* SAME.

Suffolk.    November 10, 1931. — June 27, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Practice, Civil,* Parties, Amendment, Motion to dismiss, Abatement, Verdict, *Res Judicata. Jurisdiction.*

The defendant, in an action of tort against the owner of an automobile for personal injuries sustained in 1927, pleaded the defence, among others, that he was not legally responsible for the conduct of the person operating the automobile at the time of the plaintiff's injuries, and the plaintiff in 1930 went to trial without seeking to substitute the operator as defendant and without indicating any purpose to commence an action against him. There was a verdict for the defendant. Thereafter the trial judge allowed a motion by the plaintiff to continue the action for judgment; and, reciting that the automobile was operated at the

time of the plaintiff's injuries by one other than the defendant, that the action was commenced after St. 1925, c. 346, § 10, became effective "but before its existence was generally known to the bar," and to avoid a denial of substantial rights of the plaintiff, allowed a further motion by the plaintiff to strike out the name of the original defendant in the writ and declaration and to substitute therefor the name of the operator of the automobile. *Held,* that

(1) The circumstance, that an original action against the operator of the automobile at the time of the allowance of the amendment would have been barred by the statute of limitations, St. 1925, c. 346, § 10, did not prevent its allowance;

(2) Under G. L. c. 231, § 138, the identity of the plaintiff's cause of action was established as a finality by the allowance of the amendment; it was not placed in doubt by the recitals in the order by the judge allowing the motion to amend;

(3) No abuse of discretion was shown in the allowance of the amendment;

(4) The circumstance, that the plaintiff proceeded to trial after the original defendant had pleaded the defence that he was not legally responsible for the conduct of the operator of the automobile, did not prevent the allowance of the amendment;

(5) The allowance of the amendment did not affect the verdict, which must stand, but that circumstance did not render the allowance of the amendment futile, since the verdict did not avail the substituted defendant;

(6) By the allowance of the amendment, the original defendant was eliminated from the action and the plaintiff put it out of his power to take action to impair the force and effect of the verdict; and therefore, although no judgment in favor of the original defendant had been or thereafter could be entered, the plaintiff's cause of action against the original defendant in the circumstances was *res judicata*;

(7) For that reason and also because a new action against the original defendant would be barred by the statute of limitations, there was no merit in a contention by the original defendant that the allowance of the amendment had deprived him of protection against the plaintiff's cause of action;

(8) The allowance of the amendment was within the jurisdiction of the trial court and was not wrong as a matter of law under G. L. c. 231, §§ 51, 138.

Two ACTIONS OF TORT, originally against Margaret M. McCarthy. Writs dated December 10, 1927, and August 1, 1928, respectively.

The actions were tried together in the Superior Court before *Weed,* J., and each resulted in a verdict for the defendant. A motion to continue each action for judgment and a motion in each action for the substitution of Thomas V. McCarthy as the defendant were allowed, as described in

the opinion.  Thomas V. McCarthy appeared specially and filed a motion to dismiss and a plea in abatement in each action.  His motions were denied and his pleas in abatement were overruled by the judge, who thereupon reported his orders for determination by this court.

R. J. Walsh, for the defendant.

W. J. O'Neill, for the plaintiffs.

RUGG, C.J. . These actions of tort were brought originally against Margaret M. McCarthy.  The declaration in each case in substance alleged personal injuries received on or about November 18, 1927, by the plaintiff while in the exercise of due care, because on a public way the defendant, her agents or servants, negligently operated a motor vehicle owned and controlled by her.  Each writ was sued out within one year after the alleged date of the injury.  The defendant at first filed in each case an answer setting up a general denial and contributory negligence on the part of the plaintiff, and on the eve of trial filed an amendment to the answer setting up that the motor vehicle was not at the time alleged being operated by, and was not under the control of, a person for whose conduct she was responsible. The plaintiffs went to trial without seeking to substitute as defendant the operator of the motor vehicle and without indicating a purpose to bring actions against him.  The cases were tried together on June 27, 1930, and the jury returned verdicts for the defendant.  On July 10, 1930, each plaintiff filed a motion to continue for judgment (which was allowed on the same day) and a motion to amend his writ and declaration by striking out the name of Margaret M. McCarthy as defendant and substituting therefor the name of Thomas V. McCarthy.  After hearing, the motion was allowed in each case on April 17, 1931, by order of the court of the tenor following: "This motion seeks to substitute the son of the original defendant as the defendant herein.  The son was operating the mother's car at the time of the accident. The action was begun after the one year's limitation [St. 1925, c. 346, § 10,] became effective but before its existence was generally known to the bar.  Deeming that the plaintiff may be denied sub-

stantial right if this motion is denied, after hearing, motion allowed." New writs issued to the substituted defendant. The original defendant seasonably excepted, as did also the substituted defendant, who appeared specially for that purpose. The substituted defendant, appearing specially, filed a motion to dismiss and a plea in abatement in each case, on the grounds in brief that the amendment substituting him as defendant was in the circumstances disclosed improperly allowed because he was not a proper party to the action, because such allowance was an abuse of judicial discretion, and because the court was without jurisdiction. The motions to dismiss were denied and the pleas in abatement were overruled subject to exception by the substituted defendant. The trial judge thereupon reported (G. L. c. 231, § 111), for determination by this court the correctness of his orders upon the motions to amend, the motions to dismiss, and the pleas in abatement.

1. The defendants contend that the allowance of the amendment to the writ and declaration was wrong as matter of law. The pertinent statutes are two sections of G. L. c. 231, the words of which so far as here material are as follows: § 51. "The court may, at any time before final judgment, . . . allow amendments introducing a necessary party, discontinuing as to a party . . . and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought . . ."; § 138. "The cause of action shall be considered to be the same for which the action was brought, if the court finds it to be the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action . . . ." These provisions are remedial. They have consistently been interpreted liberally. *Pizer* v. *Hunt*, 253 Mass. 321. Conclusiveness of the identity of the cause of action arising from the mere allowance of the amendment has often been recognized. *Herlihy* v. *Little*, 200 Mass. 284, 289.

*Tracy* v. *Boston & Northern Street Railway,* 204 Mass. 13, 17. *Guarino* v. *Russo,* 215 Mass. 83, 84. *Polvere* v. *Hugh Nawn Contracting Co.* 215 Mass. 199, 204. *Lufkin* v. *Cutting,* 225 Mass. 599, 607.

It was permissible by amendment to strike out the party originally named as defendant and to substitute a different person as defendant, even though at that time an original action then brought against the new defendant would be barred by the statute of limitations. See cases collected in *Genga* v. *Director General of Railroads,* 243 Mass. 101, at page 104. This point has been recently decided again contrary to the contention of the defendants after full discussion in *Johnson* v. *Carroll,* 272 Mass. 134. It needs no further elaboration. No change in the statement of the cause of action in the declarations was made by the amendments.

2. No recitals in the order of the trial judge of April 17, 1931, already quoted, cut down or throw a shadow upon the identity of the cause of action established as a finality by said § 138 by the mere allowance of the amendment provided within the legal power of the court. Reference in that order to certain facts and reasons discloses motives leading the trial judge to the exercise of his discretion in favor of the allowance of the motion. There is no attempt to describe facts showing the identity of the cause of action in the amended process and pleading with that for which it was originally intended. Such identity seems patent on the face of the record. Manifestly that subject was left to the sweeping effect of the statute.

3. The order bears no indication of an underlying purpose on the part of the trial judge to nullify the verdict of the trial jury by the allowance of the amendment. Allowance of the amendments does not affect the verdicts; it simply enables the plaintiffs to prosecute their causes of action arising from personal injuries against the person actually thought to be legally responsible therefor. No abuse of discretion is shown. The facts brought to the attention of the trial judge which moved him to the exercise of his discretion are not reported in detail and must be

presumed to have been adequate basis for his action. The case at bar has no resemblance to *Minot* v. *Boston,* 201 Mass. 10, *Fidelity & Casualty Co. of New York* v. *Huse & Carleton, Inc.* 272 Mass. 448, 456–457, and *Landry* v. *Gomes,* 273 Mass. 225, where after a verdict had been recorded some change in the amount of that verdict was attempted by procedure not authorized by practice or statute.

4. It was not beyond the jurisdiction of the court to allow the amendment. The statutory power conferred upon the court is to allow amendments to enable the plaintiff to sustain his ".action for the cause" for which it was intended to be brought. There is no distinction of substance between these words in their context and the conventional phrase "cause of action." "Cause of action" is a comprehensive expression and may have somewhat variant significations. It ought not to be narrowed by attempts at definition. It includes violation of a right or breach of a duty for which the law provides a remedy in the courts. It is the specified subject made the basis of controversy in legal procedure. It is for all purposes of a particular proceeding in court that which is declared in the pleadings as the ground of liability. *Powers* v. *Chesapeake & Ohio Railway,* 169 U. S. 92, 97. The cause of action is a different matter from the parties to a procedure in court. The cause of action exists in legal contemplation apart from those persons who may be parties to it. The plaintiff, the defendant, and the cause of action are separate and independent elements in an action, suit, or proceeding. *Jordan* v. *County Commissioners of Bristol,* 268 Mass. 329, 332. A cause of action is quite dissociated from a particular defendant. That is plain from the numerous cases already cited, where under said §§ 51 and 138, amendments have been upheld striking out one defendant and substituting another defendant. That could not be done if a cause of action were indissolubly linked with a particular defendant. In *McLaughlin* v. *West End Street Railway,* 186 Mass. 150, it was said by Knowlton, C.J., touching allowance under the statute of an amendment substituting one defendant for another in an action of tort to recover compensation

for personal injuries: "The cause of action . . . was the injury, and the plaintiff intended to bring it against the party liable for the injury."

5. There is nothing shown on this record which as matter of law prevented the trial judge from allowing the amendment. The circumstance, that each plaintiff proceeded to trial after the defendant had pleaded the special defence that the operator or person in control of the motor vehicle was not a person for whose conduct she was responsible, did not have that effect. The cause of action might nevertheless in fact be against the operator rather than the owner of the motor vehicle. The truth in that particular. may not have been developed until the trial. The pleading of this defence by the original defendant was not evidence, and the plaintiffs were not required to act at their peril, upon the theory that this defence would be supported by evidence sufficient to overcome the *prima facie* evidence to the contrary established by St. 1928, c. 317, § 1. All this might have been found to be entirely consistent with an initial and continuous intention on the part of the plaintiffs to prosecute their causes of action against the person actually liable to them for causing their injuries. The cases at bar on this point are indistinguishable in principle from *Johnson* v. *Carroll*, 272 Mass. 134, in which independent actions previously had been brought against the substituted defendant. This was held no bar to the amendment. The cases upon which the defendant relies are distinguishable. In *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231, and *Bowen* v. *Fairfield*, 260 Mass. 38, the cause of action arose subsequent to the suing out of the writ. Other cases, such as *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, *Silver* v. *Jordan*, 139 Mass. 280, and *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, are so clearly different as not to require differentiation.

6. It is argued that since verdict was rendered for the original defendant before the allowance of the amendment, that verdict must stand, and therefore the allowance of the amendment is inoperative or futile. There is no merit in this contention. When the verdict was returned, the orig-

inal defendant and not the substituted defendant was the party to the action. While the verdict rendered stands, it does not avail the substituted defendant. He was not then a party. He must now answer and defend the cause of action with which he is confronted. Reliance is vain upon the statement in *Johnson* v. *Carroll*, 272 Mass. 134, at page 137, to the effect that "After the rightful allowance of the amendment and the bringing of the defendant into court by due process, each case stood the same in effect as if he had been originally named as defendant." Those words were used with respect to effectuating the purpose for which the amendment was granted. They cannot be wrested from their context and applied as authority to an opposite purpose. *Eaton* v. *Walker*, 244 Mass. 23, 32.

7. The original defendant urges that the amendment adversely affects her substantial rights. Her argument in substance is that she has been put to the trouble and expense of a trial, that a verdict has been rendered in her favor, that by the allowance of the amendment she is deprived of having judgment entered in her favor, and that, although the verdict has never been set aside, she is nevertheless deprived of the benefit of anything in the nature of *res judicata* and may still be subjected to further action on the same cause of action.

This contention cannot be supported. The conclusion does not follow, because the statute of limitations would be a bar to protect the defendant. Since that factor is more or less accidental, the point may be considered from another aspect.

The verdict has not been set aside. Judgment cannot now be entered in favor of the original defendant pursuant to that verdict, because by the amendment she has been stricken from the case as a party. The court no longer has jurisdiction over her for that purpose. *Aetna Mills* v. *Director General of Railroads*, 242 Mass. 255, 259. *Glass* v. *Glass*, 260 Mass. 562, 566. For the same reason that verdict in her favor cannot be set aside. G. L. c. 231, § 127. Since she is no longer a party, no notice of motion to that end could be served on her. By the allowance of the amendment she has become a stranger to further proceedings.

It has been stated as a general rule that the doctrine of *res judicata* is not available unless there has been a judgment, and that a mere verdict of a jury not followed by a judgment is not sufficient. *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, 558. Bigelow on Estoppel (6th ed.) page 52, and cases cited. The reason given for the rule is "that the judgment is the bar and not the preliminary determination of the court or jury. It may be that the verdict was set aside, or the finding of facts amended, reconsidered, or themselves set aside or a new trial granted." *Oklahoma City* v. *McMaster*, 196 U. S. 529, at page 533. The same reason was given in *O'Connor* v. *Malone*, 6 Cl. & Fin. 572, 596–597.

Reasons of that nature have no relevancy to the case at bar. As already stated, the verdicts in favor of the original defendant have not been set aside. They remain as returned. Each plaintiff, by his request to amend his writ and declaration by eliminating the original defendant from the case as a party, which has been allowed by the court, has put it beyond his power to invoke any judicial action to impair the force and effect of that verdict. The original defendant, if and when appropriate occasion arises, may claim the benefit of that verdict. When the reason for a rule ceases to be operative, the rule itself loses its vitality. The decisions are to this effect. It has been held that the strict rule as to the necessity of a judgment as a basis for the application of the doctrine of *res judicata* does not prevail where, although final judgment has not or cannot be entered, jurisdiction to set aside or to impair the force of a verdict rendered on the merits has come to an end. *Felter* v. *Mulliner*, 2 Johns. 181. *Hume* v. *Schintz*, 90 Texas, 72, 75. This principle was applied in *Butler* v. *Butler*, [1894] P. 25. In that case a verdict in a suit by the wife against her husband for dissolution of marriage was rendered establishing that the latter had been guilty of adultery and cruelty. A decree *nisi* in accordance with the verdict was entered, which was subsequently rescinded upon intervention by a public officer and proof that material facts relating to the conduct of the wife had been collusively

withheld at the trial. Thereafter the husband presented an independent petition for dissolution of the marriage by reason of misconduct of the wife. It was held that the verdict against the husband was conclusive evidence of his guilt and a bar to his petition, the court saying: "It would indeed be intolerable if a litigant were entitled to reagitate and retry issues found against him" in the circumstances disclosed.

The doctrine of *res judicata* is established in the interest of the general welfare to the end that, when issues have been finally settled by proceedings in a court of competent jurisdiction, neither the parties nor the government ought to be vexed and put to expense by further attempts to litigate the same issues. It is a broad principle and does not depend upon narrow or technical grounds. *Burlen v. Shannon*, 99 Mass. 200, 202–203. *Sly v. Hunt*, 159 Mass. 151, 153. *Newburyport Institution for Savings v. Puffer*, 201 Mass. 41, 46. *Old Dominion Copper Mining & Smelting Co. v. Bigelow*, 203 Mass. 159, 206–220. *Biggio v. Magee*, 272 Mass. 185, 188, and cases cited. *Baltimore Steamship Co. v. Phillips*, 274 U. S. 316, 319. *Hoystead v. Commissioner of Taxation*, [1926] A. C. 155, 165–166. That principle in its underlying reasons applies to the verdicts rendered in favor of the original defendant. Those verdicts were rendered in circumstances which give them all the finality ordinarily attributable to verdicts; they settled the issues raised in the actions; they have not been reversed or affected by exceptions; they have not been set aside by any of the methods available for that purpose. By their conduct the plaintiffs have put it beyond their power to invoke judicial procedure to invalidate those verdicts. Those verdicts possess all the elements commonly included in a description of *res judicata*, save the single one of a recorded judgment, and, due to causes beyond the control of the original defendant brought into existence by her adversaries in the cases in which the verdicts were returned, no such judgment can now be entered in her favor. Considerations of justice to parties and the public good require that the doctrine of *res judicata* be available

for her protection if and when occasion should arise.  Compare *Commonwealth* v. *Lockwood,* 109 Mass. 323, and *Commonwealth* v. *Fraher,* 126 Mass. 265, 266.

We are aware of no decisions hostile to the accomplishment of this result.  So far as we have been able to discover, the tendency of judicial opinion, when directed to unusual circumstances such as here appear, is in support of that result.  The conclusion follows that the original defendant has not been prejudiced by the allowance of the amendments.

In each case the entry may be that the orders allowing the plaintiff's motion to amend his writ and declaration, denying the defendant's motion to dismiss, and overruling the defendant's plea in abatement, are affirmed.

*So ordered.*