FRANCISCO PÉREZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, RICARDO LA COSTA, JR., JUDGE, Respondent.

No. 1242.    Submitted April 7, 1941.—Decided April 15, 1941.

*Arturo O'Neill,* for petitioner.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The writ of certiorari is not granted *ex debito justitiae.* Its issuance rests solely and exclusively on the sound discretion of the court. Therefore, the court does not have to give its reasons for refusing to issue it.

In the instant case a petition was filed for a writ of certiorari to review an order of the District Court of San Juan

which, granting the motion of the defendant wife, decreed the change of venue of a divorce action to the District Court of Mayagüez, district where the defendant resided.

In his petition of certiorari, petitioner rested on the legal fiction by virtue of which the domicile of the wife is presumed to be that of the husband. But as this rule is not absolute and in spite of the fiction the wife could have in Mayagüez a domicile separate from that of her husband (*Wear* v .*Wear* (1930 Kan.) 72 A.L.R. 425, 438; *Dean* v. *Dean* (1925 N. Y.) 42 A.L.R. 1398; *Glass* v. *Glass* (1927 Mass.) 53 A.L.R. 1157; *Re Daggett,* (1931 N. Y.) 75 A.L.R. 1251) and in such a case she has the right to have the case heard in the district of her domicile, we denied the issuance of the writ because it did not appear clearly and unquestionably from the petition that the domicile of the defendant, or that where the spouses had lived together, was not situated in Mayagüez, and suggested to the petitioner that he should thus amend his petition, if he could do so in harmony with truth. Thinking that he could, the petitioner filed a supplementary petition in which he copied paragraph 3 of the complaint in the divorce action, in order to prove where the conjugal domicile was situated, which paragraph reads as follows:

"3. That the plaintiff and the defendant have not acquired private or community property of any sort during their marriage; that the plaintiff and the defendant have resided in the Judicial District of San Juan for more than a year prior to the filing of this complaint."

It does not appear that the complaint in the action for divorce had been sworn to and although the attorney for the petitioners swears that said paragraph three has been copied literally, that oath merely guarantees the exactitude of the transcription, but not the truth of its contents. The petitioner also copied in his supplementary petition the affidavit of merits which the defendant included in her motion for a change of venue, in which affidavit she affirms that "she was

456

and is a resident of the town of Sabana Grande, situated within the territory of the District of Mayagüez, without having waived her right to such a domicile." Under such circumstances, we do not think that we would be making good use of our discretion if we issued the writ, since we would thus compel the defendant to incur in expenses in order to defend before this Court the order for a change of venue issued in her favor.

When we required the affirmative and unquestionable proof to which we have referred, we expected the petitioner to state under oath the specific place within the Judicial District of San Juan where, as a matter of fact, the husband and wife had established their conjugal domicile; but the petitioner has not done this, and when the supplementary petition was denied, he insisted on an alleged right to be informed of our reasons for refusing to issue the writ.

Although we are not compelled to do this and without establishing a precedent, what we have said answers satisfactorily, in our opinion, petitioner's motion filed on the 7th of April, 1941.

We must therefore ratify our decision of April 1, 1941.