STATE TAX COMMISSION *vs.* BENJAMIN F. FELT & others, trustees.

Suffolk.    November 5, 1953. — January 19, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Domicil.    Minor.    Parent and Child.*

Where a valid decree of divorce awarding custody of minor children of the parties to the mother was entered in this Commonwealth, in which the parents and children had their domicil, and subsequently the mother by remarriage acquired a domicil in Canada and took the children there with the consent of their father, the domicil of the children followed that of their mother to Canada.

APPEAL from a decision of the Appellate Tax Board.

*Harris A. Reynolds,* Assistant Attorney General, for the State tax commission.

*Sargent H. Wellman,* (*Lewis M. Stillman* with him,) for the taxpayers.

WILKINS, J.   The commissioner of corporations and taxa-
tion appealed from a decision of the Appellate Tax Board
granting an abatement of an income tax assessed to the
trustees for the year 1951 with respect to income received
during 1950, which the commissioner had previously refused
to abate.   In this court the State tax commission has been
substituted as appellant.   St. 1953, c. 654.

Under date of December 30, 1942, Rose S. Proctor (now
Rose S. Taylor) made a declaration of trust for the benefit
of the children of her husband, George N. Proctor, 3d, and
of herself, all of whom were inhabitants of this Common-
wealth.   During the year 1950, the beneficiaries were Natalie
Proctor and Roger C. Proctor, both minors, who from birth
until about June 1, 1947, had lived in this Commonwealth
with one or both parents.   In 1946 Rose S. Proctor filed a
libel for divorce in the Probate Court, Norfolk County.
On June 26 of that year a decree nisi of divorce was en-
tered, which awarded her custody of the children.   The de-
cree became absolute after the expiration of six months.   On
February 8, 1947, Rose S. Proctor, while still an inhabit-
ant of this Commonwealth, married Mervyn D. Taylor, a
citizen of Canada, domiciled in Toronto.   In June, 1947,
Rose S. (Proctor) Taylor moved to her husband's home.
In September, 1947, after attending summer camps in
Maine and Vermont, the children, with the consent of their
father, went to Toronto to live with their mother and step-
father, and there they have since remained.

The board found the foregoing facts, and decided that the
children were not inhabitants of this Commonwealth dur-
ing the year 1950, and, hence, that the income payable to
them was not subject to tax in this State.   G. L. (Ter. Ed.)
c. 62, § 8, particularly (d); § 10, first sentence.

The question, which we have to decide and which has
not been heretofore adjudicated by this court, is this:   If
a mother is awarded custody of minor children by a valid
decree of divorce entered in this Commonwealth, where
the parents and the children were domiciled, and she by
remarriage acquires a domicil in another jurisdiction, to

which she takes the children with the consent of the father, does the domicil of the children follow that of the mother?

In *Durfee* v. *Durfee*, 293 Mass. 472, there was a petition in a Probate Court here by a mother against her former husband for an order for the payment of money for the support of their minor children of whom she had been given custody by a decree of a Rhode Island court at the same time she was granted a divorce. In substantially upholding a decree in favor of the mother, it was said, at page 478, "since the custody of the minor children had been awarded to their mother by the decree of the Rhode Island court, their domicil followed that of the petitioner when she removed to . . . this Commonwealth . . . and was here when this petition was filed and heard." In *Conley* v. *Conley*, 324 Mass. 530, there had been a decree in separate support proceedings in this Commonwealth, where all the parties were domiciled, awarding custody of a minor child to the mother. In derogation of that decree the father abducted the child and took her to Texas. In a subsequent divorce libel by the wife, there was a decree in her favor, which included custody of the child, who was still in Texas. This court affirmed that decree, saying at page 534, "A husband has no power to change the domicil of his child while both are subject to a valid decree giving custody to the wife. In such circumstances the domicil of the child follows that of the wife." Both cases cited Restatement: Conflict of Laws, § 32, which reads, "The minor child's domicil, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given . . . ." The *Durfee* and *Conley* cases contain citations from other jurisdictions which support our present conclusion. In addition, we cite other authorities. *Simonds* v. *Simonds*, 154 Fed. (2d) 326 (C. A. D. C.). *In re Webb's Adoption*, 65 Ariz. 176, 179. *McMillin* v. *McMillin*, 114 Colo. 247, 251. *Helton* v. *Crawley*, 241 Iowa, 296. *Buckman* v. *Houghton*, 202 Minn. 460. *Hanson* v. *Hanson*, 150 Neb. 337, 344–345. *Allman* v. *Register*, 233 N. C. 531, 534.

*Lorenz* v. *Royer*, 194 Ore. 355, 368. *White* v. *Bickford*, 146 Tenn. 608, 611. *Mauldin* v. *Buchanan*, 198 S. W. (2d) 469 (Tex. Civ. App.). Goodrich, Conflict of Laws (2d ed.) § 37. See cases collected in notes in 53 A. L. R. 1160 and 13 A. L. R. (2d) 307, 313–316.

The tax commission argues that the child's domicil should not follow that of the mother, at least provided the father continues to perform his parental duties. The chief reliance for this proviso is a statement in *Glass* v. *Glass*, 260 Mass. 562, 565, where it was said, "A married woman may acquire a domicil different from that of her husband in appropriate circumstances. . . . But in the absence of some neglect of parental duty on the part of the father, or some provision of statute, that does not affect the domicil of minor children of the two born in lawful wedlock." In so stating, this court was not undertaking to speak with reference to a case like the one at bar. In the *Glass* case the husband had obtained a divorce and a decree for custody of a minor child in New Jersey, where the parties were domiciled. Later the mother brought the child to this Commonwealth and filed a petition for custody which was dismissed. That result was sustained on the ground that jurisdiction in the Probate Court was lacking. At page 566, this court said, "It is manifest . . . that the minor son of these parties is not an 'inhabitant' of this Commonwealth, although his mother may be domiciled here, but is an inhabitant of the State of New Jersey." The *Glass* case is not an authority that the Proctor children were domiciled in this Commonwealth in 1950.

A main reliance of the tax commission is *Heard* v. *Heard*, 323 Mass. 357. There a father brought a petition in a Probate Court in this Commonwealth, where the parties had been domiciled, for the custody of a minor child who was then in Nevada where he had been recently taken by the mother without the father's knowledge or consent. After the filing of the petition in the Probate Court the Nevada court granted the mother a divorce and awarded her custody of the child. Later the Probate Court awarded cus-

tody to the father.  This court reversed that decree and, in effect, ordered the entry of a decree awarding custody to the mother.  In so doing we held that the mother acquired a domicil in Nevada, and that the Nevada court had jurisdiction to grant the divorce (page 365).  The actual decision in the *Heard* case is entirely consistent with what we now hold, but certain language in it is not.  We have in mind principally the statement at page 370:  "The child's domicil is that of his father, the petitioner, and notwithstanding his removal by the respondent to the foreign State he continues an inhabitant of this Commonwealth, where his father, the petitioner, has always lived.  *Glass* v. *Glass*, 260 Mass. 562, 564–565, and cases cited."  In so far as the decisions thus indirectly cited through the *Glass* case support the quoted statement as applicable to a case like the present, we regard them as more suited to another day and age and now outmoded.  See, for example, *Lamar* v. *Micou*, 112 U. S. 452, and the discussion by Beale in 50 Harv. L. Rev. 887, 890–891.  We prefer to adhere to the view expressed in the *Durfee* and *Conley* cases, in the Restatement, and in those cases we have cited from foreign jurisdictions which constitute the great weight of modern opinion.  We think that the domicil of the children followed that of the mother to Toronto.

The decision of the Appellate Tax Board was right, and the tax must be abated in the amount of $420.76, with costs.

*So ordered.*